Daniel Ransom v. C. N. Brown, Adm'r, etc.

(Case No. 1885.)

1. Implied lien — Deed.— Though promissory notes recite upon their face that they were given for the purchase money of land, and the deed executed by the payee recites the dates at which unpaid purchase money was due, corresponding with the dates of payment provided for by the notes, yet if neither the deed nor notes reserve a lien to secure the deferred payments, and the deed is on its face a deed of warranty, the contract is executed, the absolute title passes, and an implied lien on the land only exists. (Following Hale v. Baker, 60 Tex., 217; Webster v. Mann, 52 Tex., 416, and other cases referred to in the opinion.)

2. Same — Foreclosure.— In such a case the vendor, having parted with title, cannot resume it if the purchase money be not paid; his remedy is on his debt, and to foreclose his implied lien. If, however, the lien be reserved in the deed, the vendor has his election either to foreclose his lien, disaffirm the contract after default, assert his superior title and sue for the recovery of the land, or convey it to another; the latter remedy being his only available one (if he can find a purchaser) after the notes are barred by limitation.

Appeal from Freestone. Tried below before the Hon. L. D. Bradley.

The opinion states the case.

*B. S. Gardner*, for appellant.

*L. J. Farrar* and *O. C. Kirven*, for appellee.

Willie, Chief Justice.— The case presented by the record is that of a sale of land for a consideration paid partly in cash, and the balance secured by promissory notes payable at different dates in the future. These notes recite that they are given for the purchase money of the land, but say nothing about the reservation of a lien for their payment. The conveyance of the land is made by an absolute warranty deed, stating the consideration and the dates at which it is to be paid; but reserving no lien upon the land to secure these deferred payments. No mortgage or other like instrument was executed by which any lien whatever was created upon the land to secure the payment of the unpaid purchase money. The effect of the transaction was to give to the vendor an implied lien upon the land to secure the unpaid portion of the consideration, and to vest absolute title in the vendee.

The distinction between such a case and that where a bond for title is given, or an express lien reserved in the face of the deed, or of the notes, or a mortgage given upon the land to secure the payment of the purchase money, is well recognized and plainly marked by the previous decisions of this court. The former is an executed contract by which the title passes absolutely to the purchaser; the latter an executory contract, the title remaining in the seller till his claim for the consideration money is fully satisfied and discharged. McKelvain *v.* Allen, 58 Tex., 383; Baker *v.* Compton, 52 Tex., 261; Webster *v.* Mann, 52 Tex., 416; Dunlap, Adm'r, *v.* Wright, 11 Tex., 597; Roosevelt *v.* Davis, 49 Tex., 463; Hale *v.* Baker, 60 Tex., 217.

The right of the parties in each of the cases determines the remedy to be pursued in the court of a default in the payment of the consideration. The vendor in the executed contract having parted with the title cannot resume it for such default, but holding only a secured debt against the vendee must enforce that debt as in other cases, foreclosing his implied lien if he chooses. But the vendor in the executory contract has the option of two remedies: He may affirm the contract, and place himself in the same position as if it were executed, and sue for the purchase money and a foreclosure of his lien. On the other hand he may disaffirm the contract,

assert his superior title in land and sue for its recovery, or convey the land to another. This latter remedy is his only available one in case the debt for the purchase money of the land is barred by limitation and the vendee sets up that defense. His right to the land still remains, the vendee having failed to comply with his part of the contract, and virtually disaffirming it by attempting to defeat a recovery of the consideration. See preceding authorities.

In the present case the court below treated the contract between the parties as executory — which we have seen it was not,— and allowed the vendor, who had parted with his title by absolute deed, to set aside his contract and assert a title he had long before conveyed away and to recover the land from the vendee.

This decision is in conflict with the whole current of Texas authorities upon the subject.

The court, therefore, erred, and for this error the judgment below must be reversed, and the court here proceeding to render such judgment as should have been rendered below, adjudges that the appellant go hence without day, and recover of the appellee all costs expended in this court and the court below.

REVERSED AND RENDERED.

[Opinion delivered January 30, 1885.]