## No. 2382.

### HENRY STOUT ET AL. *v.* B. H. TAUL ET AL.

1. LIMITATION OF FIVE YEARS. — A party asserting title under limitation of five years must show privity of title and possession under the recorded deed under which the limitation is claimed.
2. LIMITATION OF TEN YEARS—POSSESSION.—A suit prosecuted to effect against the tenant in possession within ten years from the adverse entry by the landlord breaks the continuity of the possession and avoids the defense of ten years limitation when asserted by the landlord against the holder of the proper title.
3. DESCRIPTION OF LAND IN DEED—MISTAKE.—A description of land in a deed otherwise identifying it is not vitiated by a mistake in giving the number of the certificate by which the land was located.
4. PASCHAL COUNTY—RECORDS OF.—Paschal county was one of the counties created for judicial and other purposes, January 28, 1841. This act was held unconstitutional. (Dallam, 615.) The records of the county were directed to be transferred to Red River county. (Act of February 1, 1844.) The proceedings of the land board of Paschal county should be in the records of Red River county, and a certified copy of such records by the county clerk of that county would be evidence.
5. SURVEYORS' RECORDS.—Certified copies of the records of offices of district and county surveyors are admissible to show by what certificate a given survey was made.
6. TRESPASS TO TRY TITLE.—An action of trespass to try title, prosecuted to judgment against the tenant of a non-resident landlord, does not conclude the question of title against such owner, even if he had knowledge of the pendency of the suit.
7. SAME.—Such action would stop the running of the statutes of limitation, or would be conclusive between the parties to the suit and those claiming under them by title made subsequent to the filing of the suit.

APPEAL from Red River. Tried below before the Hon. D. H. Scott.

This is a suit of trespass to try title, brought by the appellees (who were plaintiffs in the court below) against appellants (defendants in the court below) for a tract of land in Red River county, patented to the appellant, Henry Stout, as assignee of Allen McClennan. Plaintiffs in their petition set up and rely upon the statute of limitation of five and ten years as a right to recover. The defendants pleaded general demurrer, general

denial, plea of not guilty, statute of limitation of three years and suggested valuable improvements in good faith. The case was tried before the district judge without a jury, and he found conclusions of law and fact, giving plaintiffs all the land in controversy, and judgment was accordingly rendered in their favor. From which judgment all of the defendants in the court below prosecute this appeal and assign errors.

The facts are stated in opinion.

*Chambers & Doak* and *George F. Burdett,* for appellants: 1. The court erred in permitting the plaintiffs to introduce the records of the county surveyor's office over the objections of defendants. A party to a suit offering in evidence a patent, deed or other muniment of title to land makes it his witness and can not contradict it by other record in the absence of an allegation in his pleading showing a mistake. (1 Greenleaf, art. 442; Huff v. Webb, 64 Texas, 284; Hardy v. DeLeon, 5 Texas, 211.)

2. The court erred in permitting the plaintiff to introduce the deed of trust from W. B. Stout to E. West, trustee, in evidence over defendants' objection. Plaintiffs having offered in evidence the patent to the land which was located by virtue of certificate number seventy-seven, issued to Allen McClennan, they can not then offer in evidence a deed of trust from some one a stranger to the suit for land located by virtue of a certificate of another number and a different grantee, unless they allege a mistake. A deed of trust and a deed made by the trustee thereunder should describe land with sufficient certainty to identify it. (Huff v. Webb, 64 Texas, 284; Wafford v. Mc-Kinna, 23 Texas, 36; 1 Greenleaf, art. 442; Meredith v. Coker, 65 Texas, 30; House v. Stone, 64 Texas, 677.)

3. The deed of trust from W. B. Stout to E. West, trustee, and the deed from West, trustee, to J. W. Taul, does not describe the land sufficiently to identify it. Says: "Surveyed by virtue of the headright certificate of Allen McLenden, No. 71." (Bakel v. McKechule, Com. of App., 1887; Murphy v. Welder, 58, Texas, 235; Wofford v. McKinna, 23 Texas, 36; Kilpatrick v. Sisneros, 23 Texas, 113; Meredith v. Coker, 65 Texas, 30; House v. Stone, 64 Texas, 677; Berrendo Stock Co. v. Kaiser, 66 Texas, 352; Chandler v. Rushing, 38 Texas, 591; Bracken v. Jones, 63 Texas, 184; Richards v. Smith, 67 Texas, 610; Brown-

son v. Scanlan, 59 Texas, 222; Medlin v. Wilkins, 60 Texas, 409; Cook v. Dennis, 61 Texas, 246; Dotson v. Moss, 58 Texas, 152.)

4. If the defendant Henry Stout brought suit against the tenant of the plaintiffs for the *locus in quo*, and if they or their agent had notice in time to defend such suit, or have the case reopened if judgment was rendered, and failing to do either-they are bound by the judgment, and the notice would be sufficient if the landlord knew of the suit against his tenant, whether the landlord was served with citation or not. (Hough v. Hammond, 36 Texas, 657; Read v. Allen, 56 Texas, 176; Moser v. Hussey, 67 Texas, 456; Lovejoy v. Murray, 3 Wall., U. S., 18; Robbins v. Chicago, 4 Wall., U. S., 672; Chicago v. Robbins, 2 Black, U. S., 418; 1 Greenl. on Ev., 12 ed., p. 559; Freeman on Judg., 125, 301.)

5. The court erred in not finding the law and the facts for defendants, the plaintiffs having failed to connect themselves with either A. J. Taul or J. W. Taul, and not showing title in themselves, judgment should have been for the defendants. (Pratt v. Jones, 64 Texas, 694.)

*Sims & Wright*, for appellees.

STAYTON, CHIEF JUSTICE. This action was brought by B. H. Taul, J. N. Conkrite and Mollie Conkrite against Henry Stout, E. S. Chambers, R. H. Kirby, J. W. Kidd, Sallie Taylor and Fay Melissa Taylor to recover a tract of land patented to Henry Stout, assignee of Allen McClennan. The defendant Henry Stout was the patentee, and some if not all of the other defendants claim an interest in the land through him.

The plaintiffs show no paper title deraigned from the patentee or the original grantee, but in their pleadings and proof rely for title on limitation based on five and ten years adverse possession.

As basis for five years limitation, they rely upon a deed executed to Jonathan W. Taul by E. West, trustee, on April 4, 1866. The deed of trust under which that deed was executed was made by W. B. Stout and wife, on June 27, 1860, to secure the payment of a debt due by them to L. H. Norwood. The record, however, fails to show that the plaintiffs deraign title in any manner from Jonathan W. Taul, or in any way to connect themselves with the claim evidenced by the deed to him. This is fatal to their successful assertion of title under

five years possession, even if the proof of payment of taxes be sufficient, a matter we do not now feel it necessary to decide. The plaintiffs thus failing to show their privity with Jonathan W. Taul, can not avail themselves of any possession adverse to the defendants which may have been held by W. B. Stout and his wife.

If the possession had by Jonathan W. Taul, which commenced in 1876, enured to the benefit of the plaintiffs, it would not support their plea of ten years possession, for it was interrupted in 1884 by an action brought against them by Henry Stout, which resulted in a judgment in favor of the latter, under which the defendants have since had possession.

These matters will require a reversal of the judgment, but we deem it proper to consider some questions presented that may arise on another trial.

The patent describes the land fully, but declares that it was granted by virtue of headright certificate number 77, issued to Allen McClendon by the board of land commissioners for Red River county, February 3, 1838, assigned to Henry Stout, July 5, 1838.

The trust deed executed by W. B. Stout and wife to West, trustee, and the deed by the latter to Jonathan W. Taul, after otherwise identifying the land conveyed, described it as surveyed by virtue of the headright certificate of Allen McLendon number 71, issued by the board of land commissioners for Red River county, being survey number 557.

The real number of the certificate by virtue of which the land was granted seems to have been number 71, and, for the purpose of showing this, the original survey as shown by the records of the surveyor's office was admitted in evidence, as was what appears to have been the transcript from the original proceedings of the land boards for Red River county and Paschal county, made by the county clerk from Red River county, and examined and approved by the Chief Justice and three commissioners.

There was no error in admitting the county surveyor's records.

The objection to the transcript of the proceedings of the land boards was not that there was no authority to make a transcript of the proceeding kept by the board to be used as the original, and to have a like effect; but was, that the transcript purported to be a transcript of the record of the proceed-

ings of the land board for Paschal county, as well as of the proceedings of the land board for Red River county.

Paschal county was created by an act passed by the Congress of the Republic, and approved January 28, 1841. (Vol. 5, p. 56.) It was one of the counties created for judicial and other purposes, but denied representation. The acts creating such counties were declared unconstitutional by the Supreme Court of the Republic in the case of Allen v. Scott et al., Dallam, 615.) The territory embraced in the contemplated county belonged to the counties of Red River, Bowie and Lamar.

Provision was made for the location of the county seat of Paschal county (Vol. 6, 118); a county surveyor was provided for and his duties prescribed (Vol. 5, 118); land certificates issued by the land boards of such judicial counties were validated, as were surveys made under them (Vol. 6, p. 1); and by the act of February 1, 1844, all the papers of the county were directed to be transferred to Red River county. (Vol. 8, p. 53.)

Thus it will be seen that the proceedings of the land board organized within the territory known as Paschal county ought to be in the custody of the county clerk for Red River county, and if produced would doubtless be admissible in evidence. It does not appear whether the land is situated in the territory embraced within the boundaries prescribed for Paschal county or within Red River county, not so embraced, nor whether the certificate was issued by the land board for the one or the other; but, be this as it may, the original record of proceedings of the land board of either county that issued the certificate would be admissible in evidence to prove its true number.

As before said, no objection was urged to the transcribed record, which purported to be a record of the proceedings of the land boards of both counties, on the ground that the original should have been produced or its absence accounted for, or a copy therefrom, certified in the usual manner, produced; and it is therefore unnecessary to consider whether there was any law authorizing the transcribed record to be made, and giving to it the force and effect of the original, or whether it is so certified as to authorize its introduction as a certified copy. The objection made was properly overruled.

If no evidence as to the true number of the certificate had been offered, we are of the opinion that the land described in the patent to Henry Stout is sufficiently identified and described in the trust deed made to West, trustee, by W. B. Stout and

wife and in the deed made by the trustee to Jonathan W. Taul to pass title to the land sued for, if W. B. Stout or his wife had in any manner acquired title thereto, and further that the deed last referred to sufficiently described the land to make it the basis of five years' limitation, and if the court below had erred in admitting the surveyor's records or the transcribed record of the proceedings of the land board for Paschal and Red River counties this would not have affected the merits of the case.

The defendants show that on May 9, 1884, Henry Stout instituted an action against J. W. Kidd, who was a tenant of the plaintiffs, to recover the land in controversy, and that in that action a judgment was rendered against Kidd by default on May 23, 1884.

The plaintiffs, at the time these proceedings were had, were residents af the State of Kentucky, were not made parties and did not appear, but there is some evidence tending to show that they were informed of the pendency of the action, but whether this was in time to have enabled them to defend the action does not appear.

The defendants insist that the judgment thus rendered against the tenant of the plaintiffs is conclusive against them, and that the judgment should therefore be in their favor without reference to any other matter. In this proposition we do not concur. It is true that the statute requires the person in possession of land to be made a defendant, and that it prescribes that a landlord or other person having an estate in the land may be joined with the person in possession as a defendant. (Rev. Stats., arts. 4790, 4791, 4788.)

The statute also provides "when such action shall be commenced against a tenant in possession, the landlord may enter himself as the defendant or he *may be made a party on motion of such tenant,*" but it does not follow from this that a judgment rendered in a cause in which the tenant alone is made a defendant will in any manner affect the landlord's right to assert his title. Such an action against a tenant alone would arrest the running of the statute of limitation and settle all right as between the parties to the action.

If one instituting a suit for land desires to bar a landlord's claim and right by the judgment to be rendered, he should make him a defendant, and unless this be done by a plaintiff or the tenant defendant, a judgment will not bar the landlord's

right unless he voluntarily became a party to the action against his tenant.

The statute itself declares what effect shall be given to a judgment in an action of trespass to try title. It provides "any final judgment rendered in an action for the recovery of real estate hereafter commenced shall be conclusive as to the title or right of possession established in such action *upon the party against whom it is recovered,* and upon all persons claiming from, through or under such party, by title arising after the commencement of such action," (Rev Stats., art. 4811.)

This restricts the conclusive effect of the judgment to the parties in legal effect before the court where it is rendered, makes certain by the record the extent and effect of the judgment, and avoids all the uncertainty in reference to such judgments as would result if evidence outside the record might be resorted to for the purpose of showing who are bound by a judgment, or in other words who were parties to the action. It establishes a rule consistent with the principle of justice, which denies effect to a judgment against any one not brought before the court rendering it in some mode prescribed by law, except as to those claiming through a party to such action through inheritance or representative, or by conveyance made pending or after the commencement of the action.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered October 16, 1888.