Filed Feb. 8, 1890.

No. 14,023.

## WATTS ET AL. *v.* JULIAN.

MORTGAGE.—*Equity of Redemption.—Owner of.—Recorded Deed.—Assertion of Title.—Lien-Holders.*—Where the owner of the equity of redemption has a deed, properly of record, for the land upon which a mortgage is sought to be foreclosed, he is not required to assert his title unless called upon by a party in interest to do so. Lien-holders and purchasers are bound to take notice of the record.

SAME.—*Real Estate.—Disclaimer of Ownership.—Right of Redemption.—Estoppel.*—Such owner, who has suffered the mortgage to be foreclosed and the property bid in without making claim of title, is not estopped from asserting his right to redeem, by the fact that in proceedings in bankruptcy prior to the foreclosure he filed a schedule and affidavit in which the bankrupt averred his ownership of the land in controversy; and that, subsequently, himself a bankrupt, he filed affidavits in the district court averring that he owned no land whatever.

SAME.—*Foreclosure.—Setting Aside of Decree.*—The assignee of a mortgage on an entire quarter section foreclosed the mortgage without making a party the owner of the equity of redemption, who had the title to the undivided one-half of the south half of the quarter. The north half of the section having been first offered for sale, in accordance with the decree, there being no bids, the whole was sold to the assignee.

*Held,* that the owner of the equity of redemption was entitled to have the judgment set aside as to the entire tract.

SAME.—*Practice.—Parties.—Invalidity of Decree.*—Where the owner of the equity of redemption is not made a party to a suit of foreclosure the decree is void as to him.

NEW TRIAL.—*Motion For.—Evidence.—Finding.*—The purpose of a motion for a new trial, when the facts are found by the court, is to bring all the evidence into the record that it may be determined whether there was any evidence to support the finding, and if there is no evidence to support a material finding the motion for a new trial must be sustained.

From the Jay Circuit Court.

*J. W. Headington, J. J. LaFollette, J. LaFollette, W. A. Thompson, A. O. Marsh* and *J. W. Thompson,* for appellants.

*J. B. Julian* and *J. F. Julian,* for appellee.

OLDS, J.—This action was commenced by the appellee against the appellants. The complaint is in two paragraphs. The first paragraph seeks to establish the right to redeem certain real estate therein described, and the second asks to have a sheriff's sale of the same real estate declared illegal and set aside. The following named persons are made defendants: Isaiah P. Watts, Ann E. Watts, Calvin W. Diggs, Joseph R. Jackson, guardian of James Moorman, a person of unsound mind, and James Moorman.

The first paragraph of the complaint alleges that in January, 1874, Harpers bought of William P. Macy the northeast quarter of section six (6), township twenty-four (24), range thirteen (13) east, in Jay county, Indiana, and executed to said Macy a mortgage on this tract of land to secure the payment of three several promissory notes; that said notes, except the last one, was paid by said Harpers; that the note which matured last, together with the mortgage, was assigned to appellant, Calvin W. Diggs; that Harpers on the 23d day of November, 1874, conveyed the land to appellant Isaiah P. Watts, subject to the mortgage, who in turn on the 1st of December, 1874, sold and conveyed by warranty deed the south half of this tract of land to Julian, Bradbury and Julian, and their deed was duly recorded; that Watts retained the other half of said land and never conveyed it to any one;

that afterward, to wit: March 17th, 1876, Bradbury sold his interest in the south half of this quarter to Julian and Julian, whereby appellee became the owner of the undivided one-half interest in said south half of this quarter section; that on January 15th, 1877, Calvin W. Diggs, assignee of the original mortgage on the whole quarter, brought suit to foreclose the mortgage, to which suit he made the Harpers, Watts and wife, Jacob B. and Martha Julian, Arthur L. Wright and George H. Bonebrake defendants, but did not make appellee a defendant, and that he had no notice of the same; that such proceedings were had that Diggs foreclosed said mortgage on said quarter section, with a direction in the decree that the north half should be first sold to pay said judgment; that on the 17th of April, 1877, the sheriff sold the whole quarter to said Diggs for the sum of $1,150.72, who afterwards received a sheriff's deed for the same, and on the 24th day of May, 1881, conveyed the whole quarter to James Moorman who yet holds and owns the same.

It is then averred that while Diggs held the land he received for rent of the same $500, and sold timber from the same for which he realized $500; that the north half of said land was worth sufficient to pay the whole amount of this mortgage debt; that the appellant Jackson is the guardian of James Moorman, a person of unsound mind; that the suit and proceedings by Diggs to foreclose his mortgage were regular and binding on all the parties thereto; and then it prays an accounting as against Diggs and Moorman, and that the amount required to redeem may be ascertained by the court and a decree ordering the sale of the north half to pay and satisfy such sum necessary to redeem.

The second paragraph of complaint contains all the material averments of the first, except the one as to the legality and validity of the sheriff's sale, and in addition it avers that when the sheriff proceeded to sell the quarter section, on the Diggs decree, he did not first sell the north half, but that he only offered the north half and receiving no bid

therefor, then offered and sold the whole quarter together, and that, therefore, the sale was illegal and void.

The first paragraph, then, seeks as the appellee's remedy the redemption of the whole quarter, while the second seeks to set aside the sales of this land by the sheriff to Diggs and by Diggs to Moorman.

The second paragraph of the separate answer of Jackson, guardian, is to so much of the complaint as sets up the interest and title of appellee derived from and through the deed of Bradbury to appellee and Jacob B. Julian, and avers that the deed of Bradbury to them was not at the time that either Diggs or Moorman bought the land, of record, that neither they nor either of them had any notice or knowledge that such deed had been made until long after each had bought the land and paid the purchase-money in full, and that neither Jacob B. Julian nor appellee has ever been in the possession of said real estate. The amended fourth paragraph of answer was pleaded by way of estoppel.

In this answer the same matter is set up as in the second paragraph of Jackson's answer, and in addition it is averred that before Diggs brought his suit to foreclose his mortgage, appellee and one Jacob B. Julian were in partnership; that Jacob B. went into bankruptcy; that appellee prepared and filed the schedule and affidavit of the said Jacob B., in which verified schedule so prepared by appellee for Jacob B., it was averred that he, the said Jacob B., owned the whole of the south half of the quarter in controversy, and that this affidavit was made with the full knowledge of appellee; and this real estate was conveyed to Arthur L. Wright, assignee; that appellant Diggs had full notice and knowledge of all these facts at the time he foreclosed and when he bought in the quarter at the sheriff's sale; that appellee knew when said mortgage was being foreclosed, and all the steps that were taken before it was foreclosed, and stood by and allowed the mortgage to be foreclosed and the property bid in, and said nothing, and made no claim of title; that after the pur-

chase by appellant Diggs of the real estate, and before James Moorman bought of him, appellee filed his petition in the United States District Court to be adjudged a bankrupt, and as part of such proceedings filed a schedule of all his property, both real and personal, which was verified by his affidavit, in which schedule he swore and made oath that he owned no real estate of any kind or description whatever; that at the time Moorman bought he had notice of the fact that this schedule and affidavit had been filed, and of their contents, and believed the statements therein contained to be true, and, relying upon them, bought the land appellee now seeks to recover, and paid the purchase-price in full.

Demurrers were filed to the complaint, and overruled, but no objection is presented to the complaint.

Appellants Watts and Watts filed their joint answer in two paragraphs.

Appellant Diggs filed an answer in two paragraphs.

Appellant Jackson, as guardian of Moorman, filed an answer in four paragraphs, and afterwards filed an amended fourth paragraph.

Appellee filed demurrers to the second paragraphs of the answers of Watts and Watts, and of Diggs; also filed a demurrer to the second, third and amended fourth paragraphs of the separate answer of Jackson as guardian of Moorman.

The demurrer to the second paragraph of answer of Watts and Watts was sustained, and exceptions taken. The demurrer to the second paragraph of Diggs' answer was overruled. The demurrer to the second, third and amended fourth paragraphs of answer of Jackson was sustained, and exceptions taken.

Appellee filed a reply in denial to the second paragraph of the answer of Diggs, which put the case at issue. The first paragraph of each of the defendants' answers was a general denial.

The cause was submitted to the court for trial without the intervention of a jury, and on proper request the court found

the facts specially, and stated its conclusions of law. To which conclusions of law the defendants severally excepted.

Jackson, as guardian, filed a separate motion for a new trial, and the other defendants filed a joint motion, which motions for a new trial were overruled, and exceptions reserved.

Errors are properly assigned on the rulings of the court.

The demurrer was properly sustained to the second paragraph of the answer of Jackson, guardian; the appellee had an interest in the land in controversy, as shown by the record of a deed to him. He had the right to be made a party to the foreclosure proceedings, and when made a party he had a right to set up all his interest in the land.

The demurrer was also properly sustained to the fourth paragraph of said Jackson's answer. It appeared by the record of a deed made to the appellee, and others, and recorded in Jay county, that the appellee had an interest in the real estate, and he was a necessary party to the foreclosure proceedings in order to be affected or bound by such decree of foreclosure. Lien-holders and purchasers were bound to take notice of the record. The making and filing of the affidavits in the United States District Court, in which the appellants were not interested, and were not parties, would not estop him from afterwards setting up his title to the land. It is not claimed or alleged that the appellee made any statement to the appellants, or to James Moorman, on which he or they relied, or that they were induced to do anything they did by reason of any statement of the appellee made to either of them, or which the appellee had any knowledge they, or either of them, were relying upon. It is averred that appellee knew of the foreclosure, and that he permitted and allowed the mortgage to be foreclosed, and the land sold, and made no claim of title. He had, at that time, a deed for the land, of record in the county where the land was situated, and the record spoke for him, and proclaimed that he

had an interest; and of this record every person was bound to take notice; and he was not required to assert his title in any other manner, unless called upon to do so. If he had been called upon by a party in interest to speak upon the subject, then it would have been his duty to have declared his title. But the answer does not show that he was called upon by any person interested to assert his title, or that appellee knew they were relying upon the affidavit made by him in the proceedings in bankruptcy.

The appellants were strangers to the proceedings in the district court, and in no way interested in such proceedings. It is true, it is alleged, that Moorman knew of the affidavits and relied upon them and believed them to be true, and relying upon them purchased the land, but it is not averred how Moorman gained such information, or that the appellee knew that he had any knowledge of the affidavits or relied upon the truth of the same, and at the same time he had knowledge of the deed which was of record showing he had an interest which was in conflict with the affidavits.

In the case of *Hosford* v. *Johnson*, 74 Ind. 479, the court says: " To constitute an estoppel by conduct, there must be: 1. A representation or concealment of material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it. 5. The other party must have been induced to act upon it." Bigelow Estop. (4th ed.), p. 552.

The fourth paragraph of answer is clearly bad. The rulings of the court on the demurrers to the other paragraphs of answer are not discussed, and are, therefore, waived.

The court found the facts substantially as alleged in the complaint, that the appellee was the owner of the undivided one-half of the south eighty acres of the land; that Diggs foreclosed the mortgage, but appellee was not a party; that there was a decree of foreclosure ordering that the north

half be first offered and sold; that the order of sale issued on the decree, and the sheriff first offered the north half but receiving no bids offered the whole tract of land, and that Diggs purchased the same at such sale and immediately thereafter sold and conveyed the same to James Moorman. The court also finds that there is due on the notes secured by the mortgage the sum of $1,577.77, and the further sum of $50 attorney's fees.

The court finds, as a conclusion of law, that the foreclosure and sale of the land on such foreclosure are void as to the appellee.

It further finds that the appellee has the right to redeem said land, on the payment of $969.40.

There is a further statement in the finding in regard to the interest on the notes, and how to be computed, and length of time to be computed. It is contended by counsel for appellant that the court erred in holding that the sheriff's sale was void. The appellee stands in a different relation to the proceedings than if he were but a junior lienholder. He is the owner of the land, subject to the mortgage lien, or what is termed the equity of redemption, and this court has repeatedly held that where the owner of the equity of redemption is not made a party to a suit of foreclosure, the decree is void as to him.

In *Curtis* v. *Gooding,* 99 Ind. 45, the court says: " It is well settled that if the owner of the equity of redemption is not made a party to the suit, the decree of foreclosure is void. It is not necessary to make the mortgagor a party, although it is proper and is the better practice, but it is indispensably necessary that the person to whom he has conveyed should be a party. As one of the owners of the land was not a party, the decree was void as to her, and the appellee was justified in treating it, so far as she was affected, as a nullity, and if it be a mere nullity, it can not stand in the way of a second suit." To the same effect is the holding in *Petry* v. *Ambrosher,* 100 Ind. 510; *Pauley* v. *Cauthorn,* 101 Ind.

91.   See, also, *Jefferson* v. *Coleman,* 110 Ind. 515.   There was no error in the conclusion of law stated by the court that the decree of foreclosure and sale thereon were void.

The court found that on the 24th day of May, 1881, the said Diggs sold and conveyed the real estate mortgaged and purchased by Diggs at the sale on the decree of foreclosure to the defendant James Moorman, whose property the same yet is.

It is contended by counsel for appellants that there is no evidence to support such finding, and therefore the motion for a new trial of the appellant Moorman must be sustained.

The bill of exceptions purports to contain all the evidence given on the trial of the cause, and this fact is stated as required, so that the question is properly presented.

Counsel for appellee do not controvert the proposition that the bill of exceptions does not contain any evidence from which such fact could be found.   Counsel content themselves by saying : " We have not taken the trouble to examine and see whether it contains the evidence or not," but contend that such evidence was introduced on the trial, and the court found the fact, and therefore the finding of the court must control.   The purpose of a motion for a new trial when the facts are found by the court is to bring all the evidence into the record that it may be determined whether there was any evidence to support the finding, and if there is no evidence to support a material finding the motion for a new trial must be sustained.   The defendant Moorman, by his guardian, answered by general denial, and the court finds he purchased the land from Diggs, and holds the title to it, and renders judgment against him for costs.

If there was no evidence to support the finding of the court he is entitled to a new trial.   If there is any evidence in the record to support the finding it was the duty of counsel for appellee to examine the record and call the attention of the court to the evidence which supported such finding, stating in their brief the lines and pages of the record where

such evidence might be found, but they have not done so, and from the examination we have given the record we find no evidence to support such finding, and the motion of Jackson, guardian, for a new trial should have been sustained.

Counsel for appellant contend that the appellee was only entitled to have the judgment set aside as to the south eighty in which the appellee had an interest, and that he is only entitled to redeem the eighty acres in which he had an interest. We are not in harmony with this theory. The mortgage stands as to the appellee as if it were never foreclosed, and it would be proper practice to foreclose the mortgage against him. *Curtis* v. *Gooding, supra.*

The finding of facts are indefinite in regard to the amount found due on the mortgage, as to whether it was intended to add an amount for attorney's fees accrued or not, and so are the conclusions of law in regard to the appellee's right to redeem uncertain and ambiguous, if not erroneous. It is impossible to tell what amount the conclusion states should be paid to redeem. Whether it is $969.40, or whether interest shall be added to such amount, and it would be necessary in any event to reverse the judgment, with instructions to restate the conclusions of law; but as the judgment must be reversed as to Jackson, guardian of Moorman, for error in overruling the motion for a new trial, justice will be best subserved by a reversal, with instructions to sustain the motion for a new trial in favor of all of the appellants.

Judgment reversed, at costs of appellee, with instructions to sustain the motions of the appellants for a new trial, and for further proceedings in accordance with this opinion.

Filed Feb. 8, 1890.