BONNER AND EDDY, RECEIVERS, v. J. R. GREEN.

No. 343.

1. **Parties—Transfer of Interest in Recovery.**—Suit filed January 9, 1890. On same day the plaintiff executed to his attorney a transfer of two-thirds of the amount to be recovered. The transfer followed the petition in the transcript. The attorney named in the transfer prosecuted the suit in the District Court to judgment, and represented plaintiff on appeal by the defendant. Plea in abatement was urged for the nonjoinder of the attorney as a party plaintiff. *Held*, that the plea was properly overruled, as it will be presumed that the transfer was subsequent to the filing of the petition.

2. **Same.**—But a reversal would not result from the fact that the transfer antedated the filing of the petition, as the attorney so identified himself with the suit as to become bound by its result. See facts.

3. **Harmless Charge.**—Where the testimony to a fact is uncontradicted, it is harmless error for the court to assume the fact in the charge. It is not proper for the court to submit as an issue to the jury a matter about which there is no controversy.

4. **Verdict.**—Suit for damages for personal injuries. The petition gave several items as basis for his claim. *Held*, that the defendant did not have the right to require the jury to itemize the damages in the verdict, the damages being actual. See example.

APPEAL from Hays. Tried below before Hon. H. TEICHMUELLER.

*Hutcheson & Franklin,* for appellants.— 1. Since the passage of the Act of March 26, 1889 (Twenty-first Legislature, page 103), relative to transfers of interests in suits, causes of action, etc., a valid transfer of an interest in a cause of action for personal damages can be made. Where such transfer is made before suit is brought, the transferee is a necessary party to a suit brought by the injured party to recover such damages. The lower court erred, therefore, in sustaining plaintiff's exceptions to defendant's plea in abatement and special answer.

2. If such transferee is not a necessary party to a suit brought by the injured party to recover damages for his injuries, then the latter can only sue for such interest in said cause of action as remains in him.

3. The court erred in paragraph 4 of its charge, in this: it assumed in said charge that plaintiff was in a perilous situation when he jumped from the wagon.

*Gustave Cook* and *Owen Ford,* for appellee.—The court did not assume that appellee was in a perilous situation, but left that as a fact to be found by the jury; and the charge of the court in the paragraph complained of, and taken as a whole, is infinitely more favorable to appellants than to appellee, and said paragraph is strictly applicable to the facts, and left the jury free to find the facts from the evidence. Hargis v. Railway, 75 Texas, 19; Railway v. Dickson, 14 Am. Rep., 114; Ring v. City of Cohoes, 33 Am. Rep., 574; Lee v. Railway, 34 Am. Rep., 668; Billman v. Railway, 40 Am. Rep., 230; Add. on Torts, Wood's ed., sec. 12; Laws. Rights, Rem. and Prac., secs. 1176, 1203; Bish. on Non-Con. Law, secs. 457, 611; Wood's Ry. Law, secs. 305, 324; Thomp. on Neg., sec. 16; Beach on Con. Neg., 42; Shearm. & Redf. on Neg., sec. 486; Improvement Co. v. Smith, 17 Am. St. Rep., 59; Dyer v. Railway, 75 N. Y., 228.

KEY, Associate Justice.—Appellee brought this suit to recover damages for personal injuries. His petition charges, that while he was travelling in a wagon drawn by a pair of horses, appellants' employes unlawfully, wantonly, and recklessly sounded the whistle of a freight train, causing said team of horses to run away, rendering it necessary for him to jump from the wagon to protect himself, and thereby causing the injuries complained of.

Appellants answered by plea in abatement, general denial, and a special answer, the particulars of which need not be here stated.

Appellee recovered a verdict and judgment for $2500. The verdict necessarily involves a finding in appellee's favor on all questions of fact submitted to the jury by the charge of the court; and on these issues, and as to the amount of damages assessed, the verdict is supported by the testimony.

Appellee's original petition was filed January 9, 1890.   Immediately following this petition, but not attached to it, the following instrument appears in the transcript:

"*The State of Texas, County of Hays.* — In consideration of services rendered and to be rendered by my attorney, Owen Ford, in the matter of J. R. Green v. T. R. Bonner and J. M. Eddy, receivers International & Great Northern Railway Company, number 1105, pending in District Court Hays County, Texas, I hereby assign and transfer in full right and title to said Owen Ford, my attorney as aforesaid, a two-thirds interest in said cause of action.

"Witness my hand, this 9th day of January, 1890.

"J. R. GREEN.

"*The State of Texas, County of Hays.*—Before me, the undersigned authority, on this day personally appeared J. R. Green, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he had executed the same for the purposes and considerations therein expressed.

"Given under my hand and seal of office, this 9th day of January, 1890.

[Seal]                                        "THOS. J. PEEL,
                "Clerk District Court, Hays County, Texas."

Appellants' answer contains a plea in abatement, stating that it affirmatively appears by written transfer filed among the papers in this cause, that prior to the filing of this suit appellee had transferred and assigned to his attorney, Owen Ford, a two-thirds interest in his cause of action in this case; and for this reason, it is alleged, that said Owen Ford is a necessary party plaintiff to this suit.

Appellee excepted to appellants' plea in abatement, among other reasons, because the facts set out therein were immaterial, the legal effect of said transfer being to secure to his attorney a contingent fee for his services in prosecuting this cause, and asserting in said exceptions that said Ford was not a necessary party.

These exceptions were sustained, and this ruling is assigned as error.

While it is true that the transfer was executed the same day that the petition was filed, yet as it transfers an interest in a cause of action, giving its style and number, and stated to be then pending in the District Court of Hays County, we think it apparent that it was executed after, though on the same day, the petition was filed.

We are cited by appellants to the Act of March 26, 1889, which provides, that when transfers of the kind in question have been acknowledged, filed, and noted on the docket, such filing and noting shall be notice to all persons dealing with reference to said cause of action.

If the statute referred to contemplates that purchasers from a plaintiff who have complied with its provisions should be made parties to the action, it does not follow that this case should be reversed. Persons interested in the subject of litigation may so identify themselves with the proceedings as to become bound by the judgment. Such is Ford's attitude in this case. As attorney for the plaintiff he brought the suit, presented the exceptions to the plea in abatement, prosecuted and recovered in the plaintiff's name on the entire cause of action, and appears for him in this court and asks that the judgment be affirmed. We think this is equivalent to formal consent that the entire cause of action should be litigated in the plaintiff's name. As a general rule, an attorney is not bound by a judgment rendered for or against his client. But when it is suggested, in the proper manner, that he has an interest in the cause of action and ought to be made a party, and the attorney, although claiming to act for his client, objects to the course being taken which would result in his becoming a formal party, and urges the court to proceed and try the case as it stands, and then when the court proceeds as he requests and litigates the entire cause of action, he ought to be held as individually consenting that the judgment shall determine his rights as well as those of his client.

We think that Ford is still protected by the statute referred to, in the sense that the judgment rendered enures to his benefit in proportion to his interest in the cause of action; and a compromise thereof without his consent might not be binding upon him.

If it be true, as contended by appellants, that the charge of the court assumes that appellee was in a perilous situation, the error in this respect is harmless.

Appellee testified as follows: "The horses hitched to the wagon became frightened and started to run away. One man on the engine was looking at the horses at the time. There were two men in the cab of the engine, and both looked out of the window at the horses running away. The whistle was blowing all the time. I grabbed the reins to assist Shirrells to check the horses; the whistle was blowing all the time. The rein on the right side broke; the whistle was blowing all the time. I held up the broken rein in my hand in order to show them we could not manage the horses, and the men on the engine waved their hands and laughed. At this time the wagon body was jumping and jostling, horses running and kicking, and the whistle blowing. The engine kept close to them for some distance. The seat of the wagon fell, and I fell to the bottom of the wagon. I got up, and just as I got up the hind part of the wagon tilted up. The road was rough and the body of the wagon kept tilting up and down. I jumped out. I had to jump out or be thrown between the horses, which were running and kicking at the time. I jumped to save my life."

The employes of appellant in control of the train in question testified that they had no recollection of seeing a wagon or other vehicle at the place where the plaintiff claimed to have been injured. We do not understand their testimony as in any sense contradictory of the plaintiff's statement that the team became frightened, ran away, and involved him in such danger as caused him to jump from the wagon to save his life.

If the horses became frightened and ran away, as stated by appellee, and there is no evidence to the contrary, then, regardless of what may have caused their fright, after the reins broke, if not before, appellee was in a dangerous situation; and this is all the assumption imputed to the charge.

In Wintz v. Morrison, 17 Texas, 387, it is said: "The rule which forbids the judge to charge upon the weight of evidence does not require or authorize him to assume as doubtful that which is clear and indisputable, or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact, and the charge of the court should proceed upon that basis. It is only where there may be doubt that the jury are required to weigh the evidence, and it is then only that the rule applies that the court shall not charge upon the weight of evidence." See, also, Railway v. Stewart, 57 Texas, 166.

Complaint is made because the trial court refused to give a special instruction directing the jury, if they found for the plaintiff, to assess separately the amount they allowed him for loss of time and diminished capacity, and also the amount allowed for mental and physical suffering.

No authority has been cited sustaining appellants' contention in this respect, and we are unable to see that the failure of the court to give this charge has resulted in injury to them. Appellee alleged in his petition, that by reason of his diminished ability to labor he had been injured $10,000, and that by reason of his physical and mental suffering he was damaged $3000. The entire amount awarded him by the verdict was $2500. It is evident, therefore, that if the jury allowed the entire amount named in the verdict for either diminished ability to labor or for mental and physical suffering, it did not exceed the amount claimed in the petition under that particular head.

Appellants' brief presents no reversible error, and the judgment of the court below will be affirmed.

*Affirmed.*

Delivered January 24, 1894.