Annie L. Stevens v. The State.

No. 12474.   Delivered May 15, 1929.

The opinion states the case.

*A. E. Lessing* and *Blanton, Blanton* and *Blanton* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, perjury; penalty, two years in the penitentiary.

Appellant, describing herself as a feme sole, brought suit against J. S. Stevens and others in the District Court of Taylor County for an interest in real estate.   She dismissed as to all parties except J. S. Stevens, who filed an answer consisting of a general demurrer, a general denial and a special answer with respect to certain revenue collected by appellant from the property in controversy and asking in his prayer for certain relief.   It seems that appellant had been divorced from the defendant in the civil proceeding and upon the trial of the civil case she testified that she was at that time a single woman, not having married since her divorce from Stevens, where-

upon she was asked: "Isn't it a fact that you were in Oklahoma and that Annie L. Stevens and Ben L. Robertson were married on the 20th day of July, 1927, in McAlister? A. Yes, sir, that is a fact. Q. Why do you come in here and say you are single? A. I am a single woman because I ain't living with him. He is a Catholic." She answered further: "He didn't want to live with me because I didn't want to be married by a Priest." It was further shown that the trial court then and there summarily dismissed the plaintiff's cause of action, apparently without any request from the defendant, for the reasons stated in said decree that she was "a married woman and not authorized to bring suit without being joined herein by her husband, Ben Robertson." Defendant's, J. S. Stevens', attorney testified in effect that he had in his possession when the trial of the civil case started a certified copy of the marriage license between appellant and Robertson and that he filed no pleading raising the issue as to her right to bring the suit as she did.

Perjury was assigned upon her statement that she had not been married since her divorce from Stevens. The verdict in this case in our opinion is without sufficient evidence to support it.

If the defendant in the civil action mentioned above knew of the coverture of the plaintiff prior to and at the time of the trial and without raising any question of same, let the trial proceed to final judgment, he would thereafter be estopped, we think, to raise such question and the final judgment would be binding on him. The presumption, we think, would obtain under such circumstances that he consented for plaintiff to conduct the suit in her own name without the joinder of her husband, even if such joinder were necessary under proper pleadings. Bonner v. Green, 24 S. W. 835; M. K. & T. Ry. Co. v. Hicks, 194 S. W. 1146; Perkins v. Terrell, 214 S. W. 551; Bryan v. Ross, 214 S. W. 528. The matter did not go to the jurisdiction of the Court and could have been waived by defendant and might have been waived under the facts of this case but for the summary and unauthorized action of the trial court in dismissing the plaintiff's cause of action. How could the statement under such circumstances have been material?

We do not care to involve the Court in a discussion of the vague intricacies of the "married woman's law" as it now exists in Texas, but we think this much may be safely said, that there might have existed conditions which would authorize the plaintiff in the civil suit to bring the cause of action as a feme sole without the joinder of her husband.

The rule has been stated as follows:

"The wife may be a plaintiff in all suits for the recovery of her separate property; but she is not the only person authorized to bring such suit. Her husband may bring it, either by himself or jointly with her. But in the event he fails or neglects to do so, then she may bring it alone. No definite time is allowed the husband within which to bring the suit. When a cause of action has arisen in favor of the wife, and the husband fails or neglects it, then she may sue; or if he refuses for any reason. Where the husband has abandoned the wife, and thus ceased to act as the head of the family, she is authorized to take such steps as are necessary for the protection of her property, whether it be by suit or otherwise; and in such case it can make no difference whether the suit be concerning her separate property or the community, for under such circumstances she is not only a joint owner of the community, but entitled to its possession and control. She may appear alone as an applicant for the guardianship of her minor children by a former marriage." Speer's Law of Marital Rights in Texas, Sec. 438, p. 557, and authorities there cited.

Again it was recently stated in the case of Royall v. Webster, 279 S. W. 896:

"Our Supreme Court, at an early day in its history, announced the doctrine that, when the wife is abandoned, her powers correspond to the changed position which she is compelled to assume by reason of the husband's default, and that under the circumstances she is authorized, acting as a feme sole, to make valid conveyances of her separate property, and also of the community estate where, in the latter case, a necessity for such conveyance is shown to exist."

See also Waggoner Bank & Trust Co. v. Warren, 234 S. W. 387; Moss v. Ingram, 239 S. W. 1029. If an abandoned spouse may convey her property without the joinder of her husband, as has been specifically held, then the conclusion seems inescapable that she might also sue for same as a feme sole without the joinder of her husband. If a plea had been filed questioning her right in this case, she might have amended her pleading and proceeded with her case as a feme sole without the joinder of her husband but she was deprived of this right, if any such existed, by the summary action of the trial court in dismissing her petition. For that matter it seems plain that she might have legally done so without any amendment of her pleadings, in the absence of the question being properly raised in the trial court by the defendant. This much is said to illustrate that her allegation describing herself as a feme sole was a matter of

form and not of substance and this, as well as her testimony to the same effect, in our opinion in this case were not shown to be material as is required by Art. 307 of the Penal Code.

"If the statement on which perjury is assigned is not shown by the testimony to be material, a conviction for perjury will not be sustained." Lawrence v. State, 2 Tex. Crim. App. 479; Cox v. State, 174 S. W. 1067. Branch's P. C., Sec. 868. ·

Again the statement must have been wilfully made one of whose definitions is that it was "without legal ground to believe the act to be lawful." Steber v. State, 23 Tex. Crim. App. 179. The testimony exhibited in this record is of such character as to raise a grave doubt of the presence of this indispensable element in the case. We think a fair inference from the testimony may be drawn that the plaintiff really believed that a marriage to a Catholic without the ceremony being performed by a Catholic priest was void. But regardless of this, the record as a whole forces us to the conclusion that we would be failing in our duty if we permitted the liberty of appellant to be taken from her for the making of an alleged false statement under oath which under the facts of this case was not shown to have been material.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.