## DYESS v. MILLER.

## No. 10751.

Court of Civil Appeals of Texas. Galveston.

March 8, 1939.

Rehearing Denied March 30, 1939.

A. D. Dyess, of Houston (Chester H. Johnson, of Houston, of counsel), for plaintiff in error.

Abe Levy, of Houston, and A. R. Rucks and Robt. M. Lyles, both of Angleton, for defendant in error.

GRAVES, Justice.

This appeal, by writ of error, is from a judgment of the District Court of Brazoria County—sitting without a jury in cause No. 27059 on the docket thereof—wherein the title and possession of 680 acres of land in the John Cummings league in that county—fully described in Volume 228, page 440, of its deed records—was awarded this defendant-in-error against plaintiff-in-error.

The trial court filed findings-of-fact and conclusions of law that are part of the record here.

With due deference to those so stated below, this court adopts instead—as being a correct collation of all the material facts that are supported by the evidence—this statement from the plaintiff-in-error's brief, discarding any conflicting recitations in such filed findings, as unauthorized by the testimony, towit:

·"H. J. Miller, defendant in error, was the owner of the land involved in this suit on the 10th day of .December, 1928, when he conveyed the same to A. H. Edling, reserving vendor's lien for the unpaid portion of the purchase-price. On April 30, 1931, A. H. Edling, conveyed the land to H. L. Middleton, Jr., who held the title in trust for the use and benefit of H. L. Middleton, Sr., his father, who assumed payment of A. H. .Edling's vendor's-note to H. J. Miller. Subsequently, on September 27, 1934, H. L. Middleton, Sr., conveyed to A. D. Dyess an undivided one-fourth oil and gas royalty interest in, on, and under the lands, such deed of conveyance reciting the following:

" 'Whereas, I, H. L. Middleton, of Matagorda County, am the owner of a tract of 680 acres of land in the John Cummings League, Abstract No. 57, Brazoria County, Texas, comprising a tract of 700 acres of land, less a tract of 20 acres, described as follows: (description omitted for sake of brevity)

" 'Whereas I am indebted to Marry Blackman of Harris County, Texas, in a sum of money secured by deed of trust upon the above described tract of land, and the said Harry Blackman, · through the trustee named in said deed of trust, Abe Levy, has prepared notices. and claims to have posted notices of the sale of said property at trustee's sale in the town of Angleton, Brazoria County, Texas, on the 1st Tuesday in October, 1934, and,

" 'Whereas I have. employed ·A. D. Dyess, an attorney of Houston, Harris County, Texas, to bring such suit or suits in my behalf and in behalf of my son and trustee, H. L. Middleton, Jr., as may be necessary ·to protect said property from foreclosure as aforesaid, upon a contingent · basis, and desire to evidence said contract of employment by this instrument in writing.

" 'Now, Therefore, Know All Men By These Presents: That in consideration of the services heretofore rendered and to be rendered by my said attorney, A. D. Dyess, I, H. L. Middleton, the legal and equitable owner of said 680 acres of land and of all minerals thereunder and of all mineral rights pertaining thereto, have and do hereby bargain, sell, transfer and assign unto my said attorney, A. D. Dyess, an undivided one-fourth ($\frac{1}{4}$) part of all oil, gas, and other minerals in and under and that may be produced from said tract of land, and it being understood that said land is not at this time covered by an oil, gas, and mineral lease, but that I, H. L. Middleton, shall have the sole and exclusive right to lease said land upon such terms and conditions as I deem expedient, and reserve to me, as lessor, a minimum royalty of $\frac{1}{8}$th part of all gas, oil, and other minerals that may be produced from said tract of land, and that, by reason of this assignment, the said A. D. Dyess shall be entitled to receive a $\frac{1}{4}$th part of said $\frac{1}{8}$th royalty. He shall not be entitled by reason thereof to any part of the bonus which I may receive for the execution of any such oil, gas, and mineral lease.

" 'To Have And To Hold said oil, gas, and mineral rights and royalties unto the said A. D. Dyess, his heirs and assigns forever.

" 'In Testimony Whereof, witness my hand at Houston, Texas, this, the 27th day of September, A. D. 1934.

"(Signed) H. L. Middleton:"

" 'Acknowledge before Marcelle Maier, Notary Public in and for Harris County, Texas, on the 27th day of September, A. D. 1934.'

"Thereafter, and in accordance with his contract of employment, on the 28th day ·

of September, 1934, A. D. Dyess did file a petition for H. L. Middleton, Sr., and H. L. Middleton, Jr., against Harry Blackman and Abe Levy in the district court of Brazoria County, Texas, styled H. L. Middleton, et al. vs. Harry Blackman, et al., No. 26,750 on the docket of said court, whereby he prayed for and procured a temporary injunction, restraining the foreclosure of said deed of trust lien heretofore referred to, and which was created to secure the said Harry Blackman in the payment of a note for $300.00, interest, and attorney's fees.

"On February 9, 1935, H. J. Miller filed a suit in the district court of Harris County, for the purpose of foreclosing his vendor's lien note against H. L. Middleton, Jr., H. L. Middleton, Sr., and Joseph L. Poutra, being No. A–220,584, and entitled H. J. Miller v. H. L. Middleton, Jr., et al. Plaintiff in error, A. D. Dyess, long before the institution of said Harris County suit, filed in Brazoria County Deed Records a deed of conveyance to himself from H. L. Middleton to an undivided ¼ interest in the minerals of said land, said deed of conveyance having been recorded in the Deed Records of Brazoria County on the 28th day of September, 1934, and recorded in Book 255, page 127, et seq. The plaintiff, H. J. Miller, and his attorney, in the Harris County suit, though having both actual and constructive notice of Dyess' title, at no time made A. D. Dyess a party to such foreclosure suit.

"After the filing of said Harris County suit and service of citation on the parties therein named, the said A. D. Dyess prepared and filed therein for H. L. Middleton a plea of privilege to be sued in the county of his residence, to-wit, Matagorda County, but the filing of this plea of privilege had no connection with the original employment and was not contemplated by the parties at the time A. D. Dyess was employed and received a deed of conveyance from H. L. Middleton to represent him in September, 1934, in the district court of Brazoria County, Texas.

"After cause No. 220,584, Miller v. Middleton et al., was filed in the district court of Harris County, Texas, it went to judgment, foreclosing vendor's lien notes against H. L. Middleton, Sr., H. L. Middleton, Jr., and Joseph L. Poutra, and pursuant to said judgment, an order of sale was issued, and the sheriff of Brazoria County, at sheriff's sale, sold the land to H. J. Miller, June 4, 1935. Thereafter, Abe Levy, the attorney representing H. J. Miller in the Harris County foreclosure suit, called on A. D. Dyess for a quit-claim deed, saying he had overlooked making him a party to the suit, and upon A. D. Dyess refusing to execute a quit-claim deed, H. J. Miller, by and through his attorney, Abe Levy, instituted this suit in trespass to try title against A. D. Dyess in Brazoria County, Texas."

The controlling question to be determined here is whether or not A. D. Dyess was bound by the judgment rendered in such foreclosure-suit in Harris County, to which he was not a party.

Our holding thereon is this:

Since Miller's title to the land is based upon a deed executed by the sheriff of Brazoria County, pursuant to a sale ordered by the judgment in his suit in Harris County against his vendee to foreclose vendor's lien notes, which suit was filed February 9, 1935, styled H. J. Miller v. H. L. Middleton, Sr., H. L. Middleton, Jr., and Joseph L. Poutra, and being numbered 220,584; and since Dyess is the purchaser of an undivided one-fourth oil, gas, mineral, and royalty interest in, on, and under the land from Miller's vendee, prior to the institution of the foreclosure-suit in Harris County, and had, before commencement of such foreclosure-suit, duly placed his deed of conveyance from Miller's vendee of record in the Deed Records of Brazoria County on the 28th day of September, 1934, as shown in Book 255, page 127; and since Dyess, such purchaser from Miller's vendee, was not made a party to such suit of foreclosure in Harris County, by the petition, or by intervention, the judgment of foreclosure in that Harris County suit does not bind Dyess; wherefore, in this suit of trespass to try title, Dyess is not precluded from exercising his right of redemption of the land, under these authorities: Gamble v. Martin, Tex.Civ.App., 151 S.W. 327, writ of error refused; Carter v. Attoway, 46 Tex. 108; 43 Tex.Jur., pages 318 and 523; Pierce v. Moreman, 84 Tex. 596, 20 S.W. 821.

The learned trial court found as a matter of law that Dyess was bound under and by virtue of his contract of employment with Middleton, Sr., to resist this foreclosure-suit in Harris County, supporting that legal

conclusion by a finding of fact to the effect that, not only did the contract so obligate him, but that he did so represent Middleton in the Harris County suit by filing a plea of privilege for him therein; wherefore, the judgment in the Harris County suit was as binding upon Dyess as if he had been an actual party thereto, estopping him accordingly.

The evidence wholly fails to sustain this conclusion, in that—as appears both from the terms of the contract of employment and the testimony otherwise—Dyess' service had been limited to protecting the property from the foreclosure of the lien securing the Harry Blackman $300-note only; he was not obligated to represent his vendor, Middleton, in the Harris County suit, nor did he assume to. do so, his mere filing of a plea-of-privilege seeking— as a matter wholly independent of their previously existing contract of employment relating to the Blackman foreclosure—to have the venue in the Harris County suit changed to the county of Middleton's residence not amounting to such representation; clearly, it is thought, under these holdings of the courts, neither that nor Dyess' mere knowledge at the time of the pendency of such Harris County foreclosure-suit, was sufficient to estop him from asserting a right of redemption in his subsequent trespass to try title suit; Watts v. Julian, 122 Ind. 124, 23 N.E. 698; 15 R.C.L. page 1011; McDonald v. Miller 90 Tex. 309, 39 S.W. 89; Pierce v. Texas Rice Development Co., 52 Tex.Civ.App. 205, 114 S.W. 857; Paddock v. Williamson, Tex.Civ.App., 9 S.W.2d 452, writ of error refused; R.S. Art. 2219; Elliott v. Morris, 49 Tex.Civ.App. 527, 121 S.W. 209; Stout v. Taul, 71 Tex. 438, 444, 9 S.W. 329; 39 Tex.Jur. page 175; Bonner v. Green, 6 Tex.Civ.App. 96, 24 S.W. 835.

■ Furthermore, it is thought the defendant-in-error's having—in the circumstances given supra—sued the Middletons and Poutra in the Harris County suit, prosecuted it to a judgment, and bought the property in at a foreclosure-sale thereunder, all subsequent to and with full knowledge on his part of plaintiff-in-error's prior deed and the record thereof in Brazoria County, constituted an election on his part to treat the sale of the land to his vendee as having been fully consummated, thereby entailing the loss of his pre-existing superior title as against his vendee and sub-vendees, including plaintiff-in-error; 43 Tex.Jur. 341, sec. 197; Ransom v. Brown, Adm'r, 63 Tex. 188; Hill v. Preston, 119 Tex. 522, 34 S.W.2d 780; Zeigler v. Sawyer, Tex.Civ. App., 16 S.W.2d 894.

These conclusions require a reversal of the trial court's judgment, and a rendition here of the cause in plaintiff-in-error's favor, to the effect that he—as a tenant in common with other owners—be permitted to redeem the whole 680 acres of land involved, upon the payment by him to the defendant-in-error of the entire indebtedness held by the latter against the land, as the same was found to be due him by the district court of Harris County.

It will be so ordered.

Reversed and rendered.

### On Motion of Defendant in Error for a Rehearing.

The motion has been carefully considered, but on the conclusion that there was no error of substantive law in the former disposition, it will be overruled, subject, however, to this correction and clarification:

The plaintiff-in-error confesses error to the extent of a miscalculation of $155.02 in the total amount due on the judgment involved, thereby increasing the total amount due defendant-in-error thereunder to the sum of $5122.79, instead of the amount of $4967.77 as formerly fixed; further, this court's former judgment and opinion is hereby construed and clarified to mean that such corrected amount of $5122.79 as a condition precedent to a right to redeem the land upon the plaintiff-in-error's part shall be due and payable by him, whenever the defendant-in-error signifies his willingness to accept the same.

Rehearing refused.