### HARRIS et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 8905.)*

(Court of Civil Appeals of Texas. Dallas. Dec. 15, 1923. Rehearing Denied Jan. 26, 1924. On Motion to Correct Findings of Fact Feb. 2, 1924.)

1. **Appeal and error ⬤⇒843(1)—Ruling on exceptions immaterial where pleadings abandoned and issues changed.**

The rulings of the court on exceptions *held* immaterial on appeal, where appellants after such rulings abandoned all their pleadings theretofore filed and the issues were changed between the parties.

2. **Master and servant ⬤⇒417(4½)—Right to review compensation award not lost by failure to give notice within 20 days.**

The right to sue to set aside a final decision of the Industrial Accident Board under the Workmen's Compensation Act, pt. 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), was not lost by failure to give notice to the adverse party of such intention within 20 days, where insurer exercised diligence in attempting to give notice, and the failure to accomplish service was not chargeable to its neglect.

3. **Master and servant ⬤⇒417(4½)—Jurisdiction to set aside compensation award dependent on timely notice and suit.**

The jurisdiction of the trial court to set aside an award made by the Industrial Accident Board is dependent on the giving of a notice of intention not to abide by the award within 20 days therefrom, and the filing of suit in a court of competent jurisdiction within 20 days from the date of service of such notice, in view of Workmen's Compensation Act, pt. 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44).

4. **Master and servant ⬤⇒417(4½)—Suit to set aside compensation award may be filed without service of notice on adverse parties.**

The court did not err in retaining jurisdiction of proceedings by employer's insurer to set aside a final award of the Industrial Accident Board, though notice of the intention not to abide by the award had not been served on the adverse parties due to no neglect of the insurer, it being permissible to file the suit without waiting to see whether service could be secured within the time allowed by law, if the fact of service is pleaded and proved.

5. **Master and servant ⬤⇒417(4½)—Compensation claimant's attorney held not "adverse party" within requirement for service of notice of intent not to abide by award.**

An attorney for the claimant for compensation under the Workmen's Compensation Act is not an adverse party within the meaning of section 5 of part 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), requiring notice of intention not to abide by an award of the Industrial Accident Board to be served on the adverse parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Party.]

6. **Master and servant ⬤⇒418(5)—Presumption that court complied with requirements of compensation law.**

The court will be presumed to have complied with the requirements of Workmen's Compensation Act, pt. 2, § 5 (Vernon's Ann. Civ. St. Ann. Supp. 1918, art. 5246—44), requiring trial de novo in suit to set aside award of Industrial Accident Board.

7. **Master and servant ⬤⇒373—Shooting of workman held not compensable.**

Death of workman shot after making threats *held* caused by the act of a third person for personal reasons not connected with his employment and not occurring on the premises of his employer, and therefore not compensable in view of Workmen's Compensation Act, pt. 4, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82).

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Texas Employers' Insurance Association against Bettie Harris and others, to set aside an award under the Workmen's Compensation Act. Judgment for plaintiff, and defendants appeal. Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 5, 1924.

John White and W. A. Hudson, both of Dallas, for appellants.

Lawther, Pope & Leachman, of Dallas, for appellee.

VAUGHAN, J. This appeal involves the application of the following provisions of Workmen's Compensation Act (Acts 1917, c. 103) § 5, pt. 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), to wit:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision."

Appellants Bettie Harris, surviving widow of Robt. Harris, deceased, and Lucile Harris, Roscoe Copeland Harris, Leonard Harris, and Isadore Harris, surviving minor children of Robt. Harris, deceased, and John White, on the 7th day of July, 1921, filed their suit in the court below to recover 360 weeks' compensation and to enforce the award of the Industrial Accident Board of Texas rendered on the 17th day of June, 1921, at the rate of $11.54 per week with 12 per cent. penalties and reasonable attorney's fees, for the accidental death of the said Robt. Harris, deceased. Appellants alleged that the death of said Robt. Harris occurred by reason of accidental injuries to him while in the course of his employment as an employé of the Oriental Oil Company, and that appellee had not appealed from said award and had failed and refused to carry out the same as made in any respect; said suit being numbered 39401–B, styled "Bettie Harris et al. v. Texas Employers' Insurance Association."

To this suit appellee pleaded, in substance, as follows: (1) General denial; and (2) that it was not liable for the death of said Robt. Harris, and that the cause of his death grew out of a personal matter between said Harris and a third party, and that it did not grow out of the course of his employment and had no relation to the employment of said Robt. Harris.

Prior to the filing of petition in cause No. 39401–B, appellee, as plaintiff, filed its petition numbered 39323–B against appellants and said Industrial Accident Board as defendants therein, said cause being styled on the docket of the court below, "Texas Employers' Insurance Association v. Bettie Harris et al.," all of the appellants being party defendants thereto. Said suit was instituted by appellee to set aside the award of the Industrial Accident Board on the grounds hereinafter stated:

Appellants, as defendants in said cause No. 39323–B, answered by general demurrer, general denial, and filed special exceptions to notice of appeal, and also pleaded to the jurisdiction of the court and motion to quash said cause.

The trial court overruled appellants' motion filed in cause No. 39323–B to quash appellee's notice of appeal from the final decision and ruling of the Industrial Accident Board, and made the following ruling on the exceptions presented by appellee in said cause No. 39323–B to the original answer and cross-action of appellants filed in said cause, to wit: Special exceptions Nos. 1, 3, 4, 5, and 6 were sustained, and No. 2 overruled. Thereupon appellants, defendants in said cause No. 39323–B, abandoned all their pleadings theretofore filed in said cause No. 39323–B and entered their plea to the jurisdiction of the court in said cause No. 39323–B and a general denial, and included therewith, as plaintiffs in said cause No. 39401–B, their first amended original petition in lieu of their original petition. Whereupon, under leave granted, appellee amended its first supplemental petition in cause No. 39323–B and its answer in cause No. 39401–B.

Appellee, in reference to the service of notice of its decision not to abide by the award of the Industrial Accident Board, alleged that on the 23d day of June, 1921, it addressed to said Industrial Accident Board and to each of the appellants, and to their attorney, John White, Esq., the following notice:

"110534.　　　　　　　　　June 23, 1921.
"Robt. Harris—Oriental Oil Co.

"This is to advise that the association is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board made in this case under date of June 17th, 1921, and shall within twenty days bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision. This notice is given in accordance with section 5, pt. 2, of amended Employers' Liability Act, and is sent out as registered mail."

A copy of the. above notice was sent by mail to each one of the appellants as follows: Robt. Lee Harris, Isadore Harris, Leonard Harris, Roscoe Copeland Harris, Lucile Haris, and Bettie Harris. Each was addressed to 1700 Lincoln street, Dallas, Tex., and one copy to John White, attorney, North Texas Bldg., Dallas, Tex., and one copy to Industrial Accident Board, Austin, Tex., by registered mail, postage and registration fee prepaid, and requested return receipt on each envelope.

Appellee further alleged that, at the time of the killing of Robt. Harris, he, with his wife and children, lived at 1700 Lincoln street, Dallas, Tex., and that at the time of mailing said notices appellee had not been informed by the claimant, Bettie Harris, or her attorney, John White, Esq., that appellants had moved from 1700 Lincoln street or

changed their address, and was not so informed until the 8th day of July, 1921, in consequence of which, notice dated June 23, 1921, was addressed and mailed to said appellants, respectively, as above stated; that on the 25th day of June, 1921, said notice was received by the Industrial Accident Board at Austin, Texas, but that the notice to John White and to appellants were thereafter returned to appellee by the United State postal department with each envelope stamped, "Return to Writer, Unclaimed, from Dallas, Texas;" that, on the date the notice addressed to said John White was returned, his office address was "North Texas Bldg., Dallas, Texas"; that upon the return of said notice unclaimed, and for the purpose of ascertaining the cause of the nondelivery of same, appellee, by personal messenger, sent said notices addressed to John White and appellants to the office of John White in the North Texas Bldg., before the expiration of 20 days from the date of the award of the Industrial Accident Board; that said messenger found the door to said office locked and the office closed, and was unable to ascertain when same would be open or when said notices could be delivered to said John White; that thereafter, to wit, on the 7th day of July, 1921, and before the expiration of the 20 days from the date of said award, appellee again sent a personal messenger to the office of said John White, North Texas Bldg., Dallas, Tex.; that said messenger found the office closed and the door shut; that said messenger visited said office more than once on said day and, for the reasons hereinbefore set out, was unable to see the said John White and deliver the said notices; that on the 8th day of July, 1921, appellee again sent a messenger to the office of John White and upon that day found him in and tendered him the notice above set out, but the said John White refused to receive same. However, at that time said White informed appellee's attorney that appellants had removed to Franklin, Tex., giving their address as route 4, box 4, Franklin, Tex., and thereupon appellee sent by registered mail, return receipt requested, said notice to each one of appellants, and that same were delivered to appellants, respectively, on the 13th day of July, 1921; that after said notice of unwillingness to abide by said final ruling and decision of the Industrial Accident Board had been delivered to said board on the 25th day of June, 1921, appellee, on the 29th day of June, 1921, filed its petition in the court below, same being No. 39323-B on the docket of said court, wherein it set out the fact of the final ruling and decision of the Industrial Accident Board of date June 17, 1921, in the matter of Robt. Harris, Deceased, Employé, v. Oriental Oil Company, Employer, and Texas Employers' Insurance Association, Insurer, in favor of the said Bettie Harris, surviving widow of Robt. Harris, deceased, Lucile,

Robt. Lee, Isadore, Leonard, and Roscoe Copeland Harris, surviving minor children, for compensation at the rate of $11.54 per week for a period of 360 weeks, beginning March 17, 1921, and set out its unwillingness—and prayed that said final ruling and decision of said Industrial Accident Board be set aside and held for naught; that the injury received by the said Robt. Harris on the 17th day of March, 1921, which resulted in his death, was not received by him in the course of his employment with the Oriental Oil Company, and did not arise out of and was not incident to said employment, but, on the contrary, said injury and consequent death was caused by the act of a third person intended to injure said Robt. Harris because of reasons personal to him and not directed against him as an employé or because of his employment by said Oriental Oil Company.

On June 21, 1922, motion was filed by appellee as defendant in cause No. 39401-B to consolidate said cause with cause No. 39323-B, and, on the same date, order was entered consolidating said causes. Said causes as consolidated were heard and determined by the court without the intervention of a jury, resulting in a judgment in favor of appellee setting aside the award made by the Industrial Accident Board on the 17th day of June, 1921, in favor of appellants and denying to appellants the right to enforce same against appellee.

[1] The ruling of the court on exceptions as above indicated became immaterial on account of the abandonment by appellants of all of their pleadings and change in the issues between appellee and appellants as above stated.

As we regard the questions presented by this appeal, in the light of the entire case, we believe that a general discussion will be sufficient to dispose of same, all being so interrelated and connected as to necessarily involve the same facts as well as governed by the same general rules of law applicable thereto, and that to dispose of the case on the facts it is only necessary to have recourse to the following controlling facts found by us to have been established by the evidence on which the trial court rendered the judgment appealed from.

[2] Appellee began to discharge the burden of giving notice to appellants and their attorney, Mr. John White, and the Accident Board, that it was not willing and did not consent to abide by the final ruling and decision of the Industrial Accident Board, within 20 days after the rendition of same, and diligently prosecuted its efforts in this respect until the service was finally secured on John White, Esq., attorney for appellants, on the 8th day of July, 1921, and on appellants on the 13th day of July, 1921, and on said board on June 25, 1921, as per allegations of appellee above set out. Appellee was not re-

miss in its efforts to protect its right to have the proceedings of said board reviewed by a court of competent jurisdiction, nor in its efforts to comply with the requirements of the law in giving said notice; but, to the contrary, with marked diligence, prosecuted its efforts in that respect. Its failure to accomplish the service within the time fixed by law is not chargeable to any neglect on the part of appellee to discharge the burden resting upon it in this instance. Certainly valuable legal rights were never intended to be made by the law to depend upon the performance of an act which could not be accomplished under that degree of care and diligence exercised by a person of ordinary prudence under like or similar circumstances. The giving of the notice to the Industrial Accident Board within the 20 days from the date of the award, and the vigilant and persistent effort on the part of appellee to secure service on appellants and their attorney, was sufficient to keep alive the rights of appellee to perfect its appeal from said award so as to confer jurisdiction upon the trial court, being a court of competent jurisdiction to hear and determine said cause, until said service by the use of such reasonable diligence to obtain same had been accomplished.

[3] The several propositions advanced by appellants converge to the one question: The jurisdiction of the trial court to hear and determine appellee's suit to set aside the award made by the Industrial Accident Board. The giving of notice of the intention not to abide by the award within 20 days from the date of the award and the filing of suit in a court of competent jurisdiction within 20 days from the date of service of such notice are jurisdictional facts and essential that both exist by virtue of having complied with the requirements of the law providing for same before jurisdiction can attach. The performance of one step alone will not suffice to confer jurisdiction on a court to hear and determine proceedings instituted under the authority of the Workmen's Compensation Act to set aside an award made by the Industrial Accident Board by any party interested therein (Vernon's Ann. Civ. Stat. Supp. 1918, art. 5246—44). Both must concur, as that is the only manner in which an appeal may be perfected from an award made by said board so that jurisdiction of the court will attach as on appeal to inquire into the validity of the award made. Millers' Indemnity Underwriters v. Hays (Tex. Com. App.) 240 S. W. 904.

The final ruling and decision of the board was made June 17, 1921. The board was served with notice of unwillingness to abide by said final ruling and decision June 25, 1921. Appellee filed its suit to set aside said final ruling and decision June 29, 1921. Appellants were served with citation in this cause (No. 39323–B) July 21, 1921, and filed their answer to the merits on August 1, 1921, and their motion to quash and plea to the jurisdiction was not filed until June 21, 1922. We are inclined to the opinion that by answering to the merits August 1, 1921, appellants waived their plea to the jurisdiction filed June 21, 1922, and that, by such answer to the merits, waived service of notice of unwillingness to abide by the final ruling and decision of said board. Millers' Indemnity Underwriters v. Lane (Tex. Civ. App.) 241 S. W. 1085; North Beck Mining Co. v. Industrial Commission, 58 Utah, 486, 200 Pac. 112.

[4, 5] As contended by appellants, appellee's suit was prematurely filed, in that service of its notice that it would not abide by the award of the Industrial Accident Board had not been served on appellants at the time its suit was filed. Service of the notice prior to the filing of the suit had been secured on the Industrial Accident Board within the 20 days. Appellee's effort to secure the service of notice by registered mail on appellants had failed and, in order to hold in statu quo its rights under the then existing conditions in reference to securing service of said notice, it was permissible for appellee to file the suit without waiting to ascertain whether or not it would be able to secure service on appellants within the 20 days allowed by law, and was not required to jeopardize its interests on an uncertainty, nor knowing whether the service could be obtained upon appellants within the 20 days allowed for such service nor within the entire 40 days appellee had within which to bring into existence the facts necessary to authorize the trial court to assume jurisdiction to hear and determine its suit to set aside said award. In so far as giving notice to John White, Esq., attorney for appellants of appellee's unwillingness to abide by the decision of said board is concerned, we are of the opinion that said attorney was not such adverse party within the meaning of article 5246—44, Id., in that said article only refers to and includes, as parties to whom notice should be given, the parties in the genesis of the transaction adversely interested in the question of asserting liability on the one hand or resisting it on the other. Therefore, what ever hiatus existed in the proceedings by reason of the filing of the suit prior to obtaining service on all parties adversely interested within the meaning of this article was removed or adjusted on appellee's securing service of said notice on appellants and pleading said jurisdictional facts in reply to appellants' pleadings challenging the right of the court to exercise jurisdiction of said cause for the want of service of such notice, which, in order to determine the allegation of jurisdictional facts, it was proper to consider in connection with the allegations contained in appellee's original petition, and, when thus considered, was sufficient to show the necessary jurisdictional facts to authorize

the court to proceed to hear and determine the validity of the award made by the Industrial Accident Board; and, said facts so alleged having been established by the evidence, we therefore hold that the court did not err in retaining jurisdiction of said proceedings, it being sufficient that the necessary jurisdictional facts were made to appear by proper pleading and supported by necessary proof on the trial of said cause.

[6] In further support of this conclusion it should be observed that appellants were not deprived of any right existing prior to the rendition of final ruling by the Industrial Accident Board, but that all rights theretofore existing in favor of appellants were duly safeguarded and preserved to be brought forward in the hearing by the court as required by the following provision of said article 5246—44, Id.:

"And the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

It must be assumed that in the proceedings before the court the requirements of the law in this respect were complied with, and, as revealed by the undisputed facts before the trial court, appellants were not deprived of any right by the trial court in determining the issues in this case.

[7] This brings us to the consideration of the last feature of this appeal: Appellee contends that it is not liable to appellants for any sum on account of the injury to and the resultant death of Robt. Harris, because the injury was caused by an act of a third person intended to injure said Robt. Harris for reasons personal to him and not directed against him as an employé of the Oriental Oil Company or because of his employment.

We find the following facts not only sufficient to support, but, in our opinion, comprehensive enough to demand the judgment of the court sustaining appellee's contention on this issue, viz.: One E. H. Smith, who inflicted the injuries on Robt. Harris which produced his death, prior to the time of the difficulty with the deceased, conducted a business in premises adjoining the premises occupied by the Oriental Oil Company, where the deceased Robt. Harris was employed. On the 16th day of March, 1921, while said Smith, a white man, was sitting at his desk in his place of business making out his bills, deceased Robt. Harris, a negro, went in. He had been greasing a car or something, and his hands were all greasy, and he placed one of his hands on top of the clean hand of said Smith and smeared grease over his hand and over the bills he was making out; said Harris at the time saying, "Why, let's shake hands." Smith turned to him and said, "I am not shaking hands; get out of here." Harris stepped back about six feet from Smith and said, "Oh yes, you are one of them God damned white men what thinks that you are too good to shake hands with a negro, is you? I have got your number; I will get you." When Harris made that remark, Smith hit him with his fist and knocked him out of the door, kicking him as he went out. Deceased Harris turned to Smith and said, "I aint got nothing to kill you with now, but I will go home and get it. I have got your number, I will get you." Harris walked across the street, got into an automobile, and drove off. Smith went home in his car, got his pistol, and went back, but did not see Harris until the next evening. Late the next evening Smith was talking to a man and his wife in front of Smith's place of business when Harris came out of the place of business where he was working, walked up close to Smith with both hands in his hip pockets, with a grin on his face, and said, "I will get you," and, when he said that, Smith pulled his pistol and shot Harris five times, which resulted in his death. The conduct of the deceased Harris towards Smith was the only thing which caused the shooting. Smith did not know Harris or have anything against him. It was the threats that Harris made against Smith, accompanied by his apparent intention to put same into execution, that caused the shooting. Smith had never had any other difficulty or trouble with Harris.

Under the above facts, it is established beyond the peradventure of a doubt that the death of Robt. Harris was caused by the act of a third person intended to injure him because of reasons personal to said third person, to wit, E. H. Smith, and not directed against Robt. Harris as an employé of the Oriental Oil Company or because of his employment with said company, and, further, that said injury and resultant death was caused by the said Robt. Harris' willful intention and attempt to unlawfully injure some other person, to wit, said E. H. Smith, the injuries occurring not on the premises of the Oriental Oil Company where the said Robt. Harris, deceased, worked, but on the premises adjoining, upon which he went for the purpose of provoking the personal encounter which resulted in his death. This holding is clearly within the terms of article 5246—82, Id.

Therefore, finding no error in the proceedings had in this cause before the court below, all assignments and propositions thereunder presented by appellants are overruled, and the judgment of the court below affirmed.

Affirmed.

## On Motion to Correct Findings of Fact.

The above motion is granted to the end that appellants may have the benefit of all the evidence from which the court deduced the facts questioned by said motion in reference to

whether or not the deceased, Robt. Harris, was, or was not, on the premises of his employer at the time he received the injuries at the hands of E. H. Smith, which resulted in his death; this court having found from the following testimony that he was not on the premises of his employer at said time:

E. H. Smith testified as follows:

"I had a difficulty with the deceased Robt. Harris on the 16th day of March, last year. At that time I was sitting at my desk, which was located on the east side of Browder street in the Jones Motor Company building; I was engaged in the garage business in there; I was sitting there making out my bills and Robt. Harris came in. * * * Late the next evening I was talking to a man and his wife out in front of my place of business when Robt. Harris came out of his place to come up close to me; with his hands in his hip pockets and with a grin on his face, he said: 'I will get you,' and when he said that I pulled my gun and emptied it into him. * * *"

On cross-examination the witness further testified:

"This accident happened on the Oriental Oil Company's premises; the negro was employed there. I do not know how long he had been working there."

In finding the fact to be that the deceased Robert Harris was not on the premises of his employer at the time of the accident, we reconciled the evidence by concluding that the witness, in using the word "premises," had reference to the deceased being on the sidewalk in front of the premises of the Oriental Oil Company, the witness having testified that he was, just prior to the shooting, talking to a man and his wife out in front of his place of business when the deceased Robt. Harris came out of his place (evidently meaning the place of business of the Oriental Oil Company) to come up close to him, which undoubtedly placed Robt. Harris on the sidewalk in front of the place of business of the Oriental Oil Company. This conclusion reconciles the evidence, it being evident that the witness had in mind the sidewalk being a part of the premises of the place of business of the Oriental Oil Company. The witness testified to the fact that the deceased came out of his place of business in order to come up close to him, the witness at that time being out in front of his place of business. This evidence necessarily placed both parties out of their respective places of business on the sidewalk in front of same, and we reached the conclusion, as a matter of law, that the sidewalk on which the witness Smith and the deceased were at the time of the killing was not a part of the premises of the Oriental Oil Company.