## TEXAS EMPLOYERS' INS. ASS'N v. SHILLING. (No. 37.) *

(Court of Civil Appeals of Texas. Eastland. Nov. 27, 1925. Rehearing Denied Jan. 15, 1926.)

**1. Appeal and error ⟨⟩1099(1)—Suggestion as to parties made on prior appeal followed.**

Where, on prior appeal in suit to set aside final order of Industrial Accident Board, court decided that question raised by plea in abatement could be avoided, if plaintiff made discharged attorney party defendant, and plaintiff thereupon did so, the precedent will be followed.

**2. Master and servant ⟨⟩417(4½)—Compensation claimant's attorney held not adverse party to be served with notice of refusal to accept award.**

Where injured workman sued to set aside final order of Industrial Accident Board, discharged attorney, who represented him, and was awarded reasonable value of services, was not adverse and would not be necessary party to be served with notice of refusal to accept ruling of board required to be served on adverse parties.

**3. Master and servant ⟨⟩385(8)—Method of computing compensation for partial incapacity stated.**

Compensation for partial incapacity was correctly computed, under Workmen's Compensation Act. pt. 1, § 12 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21), by taking 60 per cent. of weekly wages, but not exceeding $15 per week and multiplying this by 50 per cent. disability found by jury.

**4. Master and servant ⟨⟩385(8)—Judgment allowing compensation for partial incapacity reformed.**

Judgment allowing injured workman compensation from insurer for 401 weeks is erroneous, and will be reformed, as 300 weeks is limit set by Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246 —1 et seq.) for partial incapacity.

**5. Master and servant ⟨⟩417(9)—Judgment for future payments of compensation held not unauthorized, though jury failed to find duration of incapacity.**

In suit to set aside final order of Industrial Accident Board, where jury was asked how many weeks injured workman would be incapacitated, answer that they "did not know" was immaterial, and would not prevent court from making provision for future payments, where workman was incapacitated at time of trial, since, if he recovered, judgment as to future payments could be vacated.

**6. Master and servant ⟨⟩418(6)—Jury's finding on question as to workman's injuries conclusive.**

Where there was evidence to support jury's findings as to workman's injuries, Court of Civil Appeals would not disturb such findings merely because of its personal opinion of evidence, for such findings are final, unless proof is overwhelming and verdict so contrary to facts that legal sanction cannot be given.

**7. Master and servant ⟨⟩405(6)—Evidence held sufficient to support award for injuries to foot.**

Evidence *held* sufficient to support verdict awarding compensation to workman for injured foot.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Charles Shilling against the Texas Employers' Insurance Association to set aside a final ruling and decision of the Industrial Accident Board. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

See, also, 259 S. W. 236.

Harry P. Lawther, of Dallas, and Hickman & Batemen, of Breckenridge, for appellant.

Will R. Saunders, of Breckenridge, for appellee.

RIDGELL, J. Appellee brought this suit to set aside a final ruling and decision of the Industrial Accident Board.

We adopt the statement of the nature and result of the suit as set forth in the brief of appellant, to wit:

"Appellee claimed to have had his foot injured by a piece of pipe falling on same July 27, 1920, while in the employment of the Texas Pipe Line Company. Upon the eighth day after the injury the appellant, insurance carrier for the pipe line company, began the payment to him of the compensation provided by the act, and continued said payments up to and until October 26, 1920, when, upon information that his incapacity for work resulting from said injury had ceased, it discontinued same. Dissatisfied with this action on the part of appellant, the appellee applied to the Industrial Accident Board for additional compensation, and said board, on the 9th day of December, 1920, entered its order to the effect: 'That the incapacity, both total and partial, suffered by said Charles Shilling consequent upon the infliction of said injury on said 27th day of July, 1920, had wholly terminated on said 26th day of October, 1920, and that, therefore, the said Texas Employers' Insurance Association had fully discharged its obligation under said Texas Employers' Liability Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.] to the said Charles Shilling on his said claim for compensation, and is entitled to be acquitted and discharged from further liability on account of same. It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the claim for additional compensation made herein by Charles Shilling against the said Texas Employers' Insurance Association be and the same is hereby in all things denied and refused and the Texas Employers' Insurance Association is fully acquitted and discharged from all further liability on account of said claim.'

"In May, 1921, long after the 20 days for giving notice of unwillingness to abide said

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 17, 1926.

279 S.W.—55

award, and long after the 20 days within which to file suit in some court of competent jurisdiction to set aside award had expired, said Industrial Accident Board entered an order of date of May 4, 1921, reviewing its order made December 9, 1920, reciting that its finding of date December 9, 1920, that the incapacity of said Shilling had ceased on October 26, 1920, was a mistake, and reformed its said order of December 9, 1920, so as to read, amongst other things, as follows:

" 'The board further finds that ensuing from and after said 27th day of October, 1920, the said Charles Shilling continued to labor under a handicap of total incapacity for performance of labor down to this 4th day of May, 1920, embracing the period of 27 weeks for which he is entitled to recover compensation on account of and for total incapacity at the rate of $15 per week, and aggregating the total sum of $305 in full and final settlement and satisfaction of his claim for compensation against said Texas Employers' Insurance Association. The board further finds that said Charles Shilling has been represented in the presentation to and prosecution of his claim for compensation by H. T. Cooper, an attorney at Fort Worth, Tex., and that his services rendered in said connection have been of the reasonable value of $45.75.

" 'It is therefore ordered, adjudged, and decreed by the Industrial Accident Board that the Texas Employers' Insurance Association pay to Charles Shilling the sum of $305, less the sum of $45.75 hereinafter ordered and directed paid to H. T. Cooper for legal services rendered in connection with this claim for compensation.

" 'It is further ordered, adjudged, and decreed by the board that, when this award has been paid and satisfied in accordance with its terms and provisions, the Texas Employers' Insurance Association will be fully and finally acquitted and discharged from liability on account of this claim for compensation.'

"May 12, 1921, the board entered a further order correcting its order of May 4, 1921, as follows: 'That in paragraph IV of said order of December 9, 1920, reviewed as aforesaid, it was stated that total incapacity obtained in the said Charles Shilling for the performance of labor done to and including the 4th day of May, 1920, and that, as a matter of fact, the intent and purpose was to fix the year as 1921, and in order to correct said mistake here now orders that said 1920 in said paragraph IV of said order be changed and made to read 1921, and, as so corrected, changed, and reformed, the said order of May 4, 1921, which reviewed the said order of December 9, 1920, be reaffirmed in all particulars.'

"Appellee refused to accept said additional sum of $305 so awarded him, and notified appellant that he was unwilling to abide by said award of May 4, 1921; that he did not accept said award and that he. would not be bound thereby; that he had discharged H. T. Cooper, his former attorney, and had employed Estes & Compton of Fort Worth, 708½ Houston street, as his attorneys.

"Thereafter upon the 10th day of June, 1921, he filed his suit herein in the court below, praying that all said orders of said Industrial Accident Board be set aside and that he be paid compensation in a lump sum of $15 per week for 400 weeks.

"Appellant answered by (1) plea to the jurisdiction, upon the ground that notice of unwillingness to abide the final ruling and decision of December 9, 1920, and suit to set same aside, was not given and filed within 20 and 40 days from the date of said final ruling and decision, said board having no authority to enter said order of May 4, 1921, reviewing and correcting said order of December 9, 1920, and, if it had, that said order of May 4, 1921, was a nunc pro tunc order, and on its face related back to said date of December 9, 1920; (2) demurrer to the jurisdiction, upon the ground that its codefendant, H. T. Cooper, had never given notice of dissatisfaction with the award of the board of May 4, 1921, and had never filed suit to set same aside, nor had Shilling ever given Cooper notice of dissatisfaction with said award, nor had he ever filed suit to set same aside as to Cooper, whereby the same had become final as to all parties; (3) general and special demurrers; (4) general denial.

"H. T. Cooper filed a demurrer to the jurisdiction setting out that he had never given notice of dissatisfaction with the award of the board of May 4, 1921, and had never filed suit to set same aside; that Shilling had never given him notice of dissatisfaction with said award and had never, until the filing of his third amended petition, April 7, 1924, filed suit against him to set said award aside, whereby as to him said award was final and conclusive.

"The case was tried to a jury in Stephens county district court, September 10, 1924. The court overruled the demurrers to the jurisdiction and all the demurrers and submitted the case to the jury upon special issues. Upon the answers of the jury to said special issues, judgment was rendered setting aside the orders of the Industrial Accident Board of December 9, 1920, May 4, 1921, and May 12, 1921, and in favor of appellee for a lump sum of $1,635, and for the sum of 50 per cent. of $15 per week from the date of the judgment and to continue for a period not to exceed 401 weeks from July 27, 1920."

The court overruled appellant's motion for a new trial and appeal has been perfected to this court.

By first assignment of error appellant contends that, where an award of the Industrial Accident Board is in favor of two persons jointly, and none of the interested parties take any steps to appeal from said award as to one of the parties, as to that party the award is final, and the trial court is without jurisdiction to set aside said award as to him, and for that reason the trial court erred in overruling defendant Cooper's demurrer and plea to the jurisdiction of the court.

By the different awards of the Industrial Accident Board, the last award being made on the 4th day of May, A. D. 1921, H. T. Cooper, as attorney, was given a joint award with Shilling. The appellee first filed this suit on June 10, 1921, to set aside said award, and thereafter, by two amendments, prayer

was made that the award be set aside, and in neither .of which was H. T. Cooper made a party to the suit. Upon the second amendment the cause was tried and judgment rendered, and appellant herein appealed, and the Court of Civil Appeals at Fort Worth reversed the case; the opinion of said court being found in 259 S. W. 236. After the case was remanded in obedience to the judgment of said court, the appellee filed his third amended petition making H. T. Cooper a party to the suit. It is not contended that Cooper ever gave any notice of his unwillingness to abide the award of the Industrial Accident Board or that Cooper was served with. any notice of appellee's refusal, and by reason of said facts it is insisted that the demurrer should have been sustained and suit abated and dismissed.

[1] In the former appeal error was assigned in the trial court overruling plea of abatement; the appellant herein insisting that H. T. Cooper was a necessary party to the suit. In disposing of the assignment, we quote the following from the opinion of the court:

"The error of the court in overruling the plea in abatement, if error it was, can be so easily avoided upon another trial that we forbear a full discussion of the question, but will merely say that on its face the decree of the Accident Board is at least apparently joint, and, if that decree is to be clothed with the dignity of a judgment, it is undoubtedly true that H. T. Cooper would be·a necessary party. While the Accident Board is not a court, yet its decrees are in the nature of judgments, and the board, in the investigations and determinations it is called upon to make, exercises judicial functions. And some of the authorities at least treat orders and decrees of like bodies as so closely allied to judgments of courts as to be effective against collateral attack. See 1 Black on Judgments, § 3; Longfellow v. Quimby, 29 Me. 196, 48 Am. Dec. 525; Kelly v. Wimberly, 61 Miss. 548. In the case first cited it was held that road commissioners, in adjudicating upon the necessity of a road, and in locating and making assessments for the same, act judicially, and that the records of their proceedings and judgments are entitled to the same respect as the record and judgments of other tribunals, so long as they act within their jurisdiction, and cannot be attacked collaterally. In the Mississippi case it was held that, a claim being for a certain and ascertained amount, its allowance and audition by the town council is equivalent to a judgment at law, and mandamus will lie to enforce its payment.

"However, we need not and do not decide this question, inasmuch as the record shows that Mr. Cooper is a resident of Fort Worth and Tarrant county, and can, for aught the record shows, be very easily made a party."

It appears that the court did not decide the question because Cooper was available and could be made a party. That court, with the same situation as here, suggested the method adopted and followed by appellee to avoid any question of jurisdiction, and we are given no authority for not following the precedent and approving the suggestion.

[2] In the case of Harris et al. v. Texas Employers' Insurance Association, 257 S. W. 998, the appellant brought his suit without giving notice to John White, Esq., of his unwillingness to abide by the decision of the Industrial Accident Board, and for which failure the insurance company invoked their plea to the jurisdiction of the court. In disposing of the assignment, we quote the following from the opinion of the court:

"In so far as giving notice to John White, Esq., attorney, of appellee's unwillingness to abide by the decision of said board, is concerned, we are of the opinion that said attorney was not such adverse party within the meaning of article 5246—44, Id., in that said article only refers to and includes, as parties to whom notice should be given, the parties in the genesis of the transaction adversely interested in the question of asserting liability on the one hand, or resisting it on the other."

In this case Cooper's interest in the judgment was such as was fixed by contract between him and Shilling and not in excess of the per cent. permitted by law. His interest depended entirely upon Shilling obtaining an award from the Industrial Accident Board. It follows that Cooper's interest was not adverse, but was in common with Shilling, and therefore would not be a necessary party to be served with the notice required, in Shilling declaring unwillingness to abide the action of the Industrial Accident Board.

Again, this suit was originally filed on June 10, 1921, and on July 5, 1921, appellant filed its motion to quash citation, and on September 5, 1921, the appellant filed its original answer raising the jurisdictional question presented in this assignment.

It seems, by filing the motion to quash, the appellant thereby entered appearance and waived its plea to the jurisdiction of the court in this cause. Harris et al. v. Texas Emp. Ins. Ass'n (Tex. Civ. App.) 257 S. W. 1001; Miller's Indemnity Underwriters v. Lane (Tex. Civ. App.) 241 S. W. 1085; North Beck Mining Co. v. Industrial Commission, 58 Utah, 486, 200 P. 112.

Third and fourth assignments of error involve the same challenge to the jurisdiction of the court by reason of failure to serve Cooper with notice of unwillingness to abide the award of Industrial Accident Board. For reasons overruling assignments of error No. 1, said assignments will be overruled.

[3] The fifth assignment of error is as follows:

"The court erred in rendering judgment in favor of the plaintiff, Charles Shilling, and against the said defendant, Texas Employers' Insurance Association, for the sum of $1,635, being, as recited, compensation at the rate of 50 per cent. of the maximum rate of $15 per week beginning on the 4th day of August, 1920,

and continuing thereafter down to and including this date; the correct amount, under the provisions of the Workmen's Compensation Act, for a partial incapacity, of 50 per cent. of the maximum rate of $15 per week, beginning on the 4th day of August, 1920, and continuing thereafter down to and including this date, being the sum of $981, and this latter sum being entitled to an admitted credit of $180 weekly compensation paid the said Charles Shilling from August 4, 1920, down to and including October 26, 1920."

Section 12d, pt. 1, of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25), reads as follows:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order, or award. Review under this section shall be only upon notice to the parties interested."

In the case of Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825, the court, construing section 12 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21), says:

"In all other cases, partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employé, compensation shall be determined according to the percentage of incapacity taking into account, among other things, any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employé and the age at the time of the injury; the compensation paid therefor shall be 60 per cent. of the average weekly wages of the employé, but not to exceed $15 per week, multiplied by the percentage of incapacity caused by the injury, for such period as the board may determine not exceeding 300 weeks."

"A literal construction of this paragraph does not bring it in conflict with any other part of the act. It follows, then, that we should give it that meaning its reading imports, which is to limit 60 per cent. of the average weekly wages to $15 per week and fix the compensation by multiplying this 60 per cent. by the percentage of disability."

The appellant insists that the case of Western Indemnity Co. v. Milam, supra, is an authority for sustaining and upholding his assignment of error. We do not understand that said case in any wise sustains or supports the theory of calculation insisted by appellant. To the contrary, the statute is plain, and it is apparent, from holding of the court, that the compensation for partial incapacity is fixed by multiplying the 60 per cent. (which is method arrived at in finding average weekly wage, but which 60 per cent. shall not exceed $15 per week) by the percentage of disability.

[4] The trial court in this case followed the proper rule in the judgment by multiplying the weekly wage by the 50 per cent. disability found by the jury, which would entitle appellee to $7.50 per week, and the assignment is therefore overruled. However, the judgment is entitled to a credit of $180, which credit is admitted by remittitur filed in this cause.

By the sixth assignment, error is complained in the judgment of the court allowing compensation for partial incapacity in the future for a period of 401 weeks from and after July 27, 1920, unless altered, changed, modified, or terminated by subsequent agreement between the parties hereto in accordance with the provisions of the Employers' Liability Act and subject to the approval of the court.

In so far as the judgment allowed 401 weeks for partial incapacity, the same is error, the limit being 300 weeks; and to that extent this judgment will be modified, so as to read 300 weeks from and after the 27th day of July, A. D. 1920.

The trial court submitted to the jury the question of how many weeks will said partial incapacity continue? And the jury answered: "We do not know."

[5] The appellant strenuously insists that, the jury having answered they "did not know" how many weeks the partial incapacity would continue, the jury not knowing, the court could not know, and therefore would not be authorized in law or in fact to render any judgment for future incapacity.

The contention would seem sound and might be well taken, were it not for the fact that the judgment for future incapacity is not a final judgment, but under the law is one that may be opened on a showing or hearing and may be vacated. In other words, the appellant would have the right, any time it appeared that said incapacity had ceased to exist, to file a request to the court, and upon a hearing the court would have full authority to discharge appellant from further payments and liability.

In this case the jury found answer to special issue No. 7 that at the time of trial partial incapacity for work resulting from the injuries existed.

In the case of Georgia Casualty Co. v. Ginn, 272 S. W. 601, in the Court of Civil Appeals of San Antonio, in a case very much in point, the jury were asked if the total incapacity would probably continue as long as 290 weeks, and error was predicated upon the theory that the question was suggestive. We quote the following from the opinion of the court disposing of the assignment:

"They also found, in answer to the second question, that this total incapacity had 'been continued up to the present time.' Now the jury, having found total incapacity, and that it had continued up to the time of the trial, the court propounded the fifth issue: Would such incapacity 'with reasonable probability continue

as long as 290 weeks?' This is the ultimate time fixed by the law in which compensation was provided for in such cases. The jury having found total incapacity that had continued to the trial, it would have been a work of supererogation to ask how long such a total disability would continue, especially so because, if appellee should recover his health before the expiration of the time limit, appellant would have the right, under the law, to review and correct any error so that no injury could result. The jury could not have been misled by the fifth issue. The court had given a correct definition of total disability. See Huson's Workmen's Compensation Law, pp. 63, 64. The jury found in the affirmative, and under this finding, independent of issue No. 5, appellee made out his case in support of the award, and the judgment based upon the jury's findings was correct. The jury could very well have answered, 'No,' to the question. There is nothing suggestive on the part of the court's inquiry, or, if it was leading, it would not have been more than harmless error."

It follows, therefore, that the answer to the jury in the instant case was immaterial, and the fact that they answered they did not know how long in the future the incapacity would exist would not deprive the court in its judgment to make the provision for future payments; the jury having found at the date of the trial that incapacity for work still existed.

The appellant insists that the trial court should instruct in its favor and that this court should reverse this case because the evidence is insufficient to support the verdict.

[6, 7] It is quite true that the plaintiff was practically the only one testifying as to the extent and effect of his injuries. It is true that doctors of his choice and those for appellant testified very contrary to the extent of the injuries, and, if this court was a jury, the argument advanced would be very persuasive, but we are to take the record as we find it, and only where the proof is overwhelming and the verdict is so contrary to the facts that legal sanction could not be given would we be authorized to invade and exercise the province of the jury. The facts in the case show that the appellee was injured. The testimony of some of the doctors was that it was swollen some months after the injury. Dr. Ramming testified that he made an X-ray of the foot at the request of Dr. Swinney, appellant's physician, in July, 1920, and that the X-ray showed that there had been a fracture of the bones in the foot, and that Dr. Swinney agreed with him as to his diagnosis. Dr. Ramming further testified that the injury would be permanent.

This issue, however, was submitted to the jury, who had opportunity to observe the appellee, hear all the witnesses, and, in the exercise of their discretion, pass upon the credibility and the weight given their testimony. The jury having found against appellant, and their being evidence to support the findings, this court does not feel warranted or authorized to disturb their findings, and the assignment will be overruled.

It is, therefore, the order of this court that the judgment of the trial court be reformed and affirmed, in this, the judgment to be credited with $180 paid, the appellee to be allowed the compensation not exceeding 300 weeks instead of 401 weeks, with the cost of this appeal adjudged against appellee.