JOHN C. CONLEY v. SHERMAN, SHREVEPORT AND SOUTHERN RAILWAY COMPANY.

Decided January 11, 1897.

1. Refusal—Penalty For.

Refusal, by which a penalty is to be incurred, implies that the party refusing has the ability to do the thing demanded of him, or, if he has not the ability, the want of it must arise from his own negligence or lack of proper attention to the business intrusted to him, in order to subject him to the penalty. (P. 297.)

2. Carrier—Bill of Lading—Description of Goods—Penalty.

Where lumber and shingles were loaded by the shipper on cars of a railway at a sidetrack where no agent was maintained, nor scales for weighing cars,—the bill of lading being executed by the agent at a neighboring station,—the refusal by such agent to comply with a demand by the shipper that the bill of lading specify the quantity shipped (which was known only to the shipper, and which the agent had no means of ascertaining) did not subject the company to the penalty prescribed by article 322, Rev. Stats., for failure to give a bill of lading containing such description when demanded. (Pp. 296, 297.)

3. Same—Demand.

Refusing a writ of error, on the ground that the proper result was reached, the Supreme Court question the correctness of the ruling of the Appellate Court herein, that a demand by the shipper that the agent insert "the weight, quantity,

or something more definite," in the bill of lading was not a sufficiently specific demand to entitle him to recover the penalty prescribed by article 322, Rev. Stats., for failure of a carrier to give a bill of lading specifying the quantity of the goods shipped.   (P. 297.)

PETITION for writ of error to Court of Civil Appeals, Third District, in an appeal from Morris County.

Conley brought the suit against the Railway Company and recovered judgment for penalties, aggregating $300, from which defendant appealed. The Court of Civil Appeals reversed the judgment and rendered it in favor of appellant. The appellee, Conley, thereupon applied for a writ of error.

*J. W. Bolin,* for petitioner.—No briefs have reached the Reporter.

Counsel for petitioner, in support of a motion for rehearing, contended that the law requiring the carrier to give the bill of lading or memorandum in writing to the shipper, when demanded, stating the quantity, character, order, and condition of the goods when received, necessarily implied that the carrier would provide itself with such means and appurtenances at the point of shipment as would enable it to ascertain the quantity, character and condition of the shipment, and that upon its failure to do so it would be as guilty, for such negligence, as for a refusal to give the character of bill demanded when its agent had all the necessary means for ascertaining the facts.

The motion was overruled.

BROWN, ASSOCIATE JUSTICE.—This suit was instituted in the District Court by the plaintiff in error against the defendant in error to recover the penalty prescribed in the following article of the Revised Statutes:

"Article 322. Common carriers are required, when they receive goods for transportation, to give to the shipper, when it is demanded, a bill of lading or memorandum in writing, stating the quantity, character, order and condition of the goods;   *   *   *   *   and in case of their refusal to execute and deliver a bill of lading or memorandum in writing, as above required, they shall be liable to a penalty of not less than five nor more than five hundred dollars, to be recovered as in the preceding article."

Plaintiff delivered to the defendant, on its line of road at McIntyre Switch, six car-loads of lumber and shingles, that is, some of the cars were loaded with lumber and some were loaded with lumber and shingles. There was no agent at the switch, but it was the custom for the agent at Daingerfield to issue bills of lading for cars loaded at the switch. Plaintiff applied to defendant's agent at Daingerfield for a bill of lading for each one of the cars, which was given, designating the contents as lumber; at each of which times the plaintiff requested the defendant's agent to insert "the quantity or weight," and at some of the times adding, "or something

more definite," which the agent declined to do.   The case was tried be-
fore the judge of the District Court, who gave judgment in favor of the
plaintiff for $300; from which judgment appeal was taken to the Court
of Civil Appeals, and upon hearing, the judgment of the District Court
was reversed, and judgment rendered for the defendant in error.   The
Court of Civil Appeals based its judgment upon the ground that the re-
quest or demand by the plaintiff upon the agent to insert "the weight,
quantity or something more definite" was not sufficiently specific to en-
title him to recover the penalty prescribed in the article above quoted.
We are not prepared to adopt the construction placed upon the statute by
the Court of Civil Appeals, but we think that the judgment of that court
was right for another reason, and therefore the application for writ of
error will be refused.

The undisputed evidence in this case shows that at McIntyre Switch on
defendant's road there was no agent and no scales upon which to weigh
cars, and that it was the custom for shippers from that point to load the
cars themselves, and that such cars were unloaded by the consignees at
the point of destination,—nothing but lumber and shingles being shipped
from this switch.   It was the custom for shippers, after having loaded
their cars at the switch, to call upon the agent at Daingerfield, who would
give a bill of lading for such cars as were reported to him by the shippers.
The plaintiff had shipped a number of cars of lumber and of lumber and
shingles from the same point prior to this time, and had never demanded
a bill of lading different from that which the agent furnished on these
occasions.   The plaintiff loaded each one of the cars in question himself,
or had it done, and had in his own possession the invoice of the lumber as
placed upon the cars, but neither he nor anyone else knew the weight of
the lumber on the cars, for the reason that it could not be weighed at that
place.   When he requested a bill of lading for each one of the cars in ques-
tion he knew that the agent did not know either the weight or the quan-
tity or anything that would enable him to give a description of the lum-
ber in the bill of lading, and did not offer to furnish him with the in-
formation although he had possession of the invoices at the time.

The defendant in error, who was the appellant in the Court of Civil
Appeals, assigned, substantially, as ground of error, that the testimony
showed no liability on the part of the Railroad Company.   The article
quoted above makes the Railroad Company liable in case of refusal to
execute and deliver a bill of lading or memorandum in writing as required
by the Statute.   Refusal implies that the party refusing has the ability
to do the thing demanded of him, or, if he has not the ability, the want
of it must arise from his own negligence or want of proper attention to
the business entrusted to him.   The facts in this case show that the
Railroad Company's agent could not have complied with the request of
the plaintiff, and that it was no fault of his that he could not, because the
loading was done by the plaintiff himself and all the information neces-
sary to make out the bill of lading was in his possession and by him with-
held from the agent.   Under this state of facts, it must be held that the

agent of the Railroad Company did not refuse to deliver to the plaintiff such bill of lading as the Statute prescribes, and plaintiff had no right of action for the penalty imposed by the law.

There being no liability on the part of the Railroad Company to the plaintiff Conley, the Court of Civil Appeals rightly reversed the judgment of the District Court and entered judgment against the plaintiff in error that he take nothing by his suit. The application for writ of error is,. therefore, refused.

*Writ of error refused.*