MISSOURI, K. & T. RY. CO. v. HICKS.
(No. 1802.)

(Court of Civil Appeals of Texas. Texarkana. May 3, 1917.)

ASSIGNMENTS ☞129—ACTION—PARTIES.

Though plaintiff has assigned to his attorneys an interest in his cause of action for personal injury, they need not be made formal par-

ties plaintiff; they filing a pleading that they are representing plaintiff on the trial, and agree to be bound by any judgment, as though formal parties.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 213–219.]

Appeal from District Court, Hunt County; M. H. Garrett, Judge.

Action by W. J. Hicks against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The action is for damages for personal injuries to the appellee, who, while a passenger on appellant's passenger train, was suddenly thrown forward against the seat in the coach and thereby sustained injuries. The verdict of the jury involves the finding of fact, which has sufficient evidence to support it, that appellee's injuries were proximately caused by the negligence, as alleged, of appellant's employés operating the train. The amount of the verdict is warranted by the evidence.

Dinsmore, McMahan & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for appellant. Evans & Shields, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). By the first assignment of error it is insisted that the attorneys representing appellee, who have a contractual interest in the subject-matter in suit, are necessary parties to the suit, and that it was error on the part of the court to overrule appellant's plea in that respect. It is believed that the instrument in evidence may be construed only as an assignment of an interest in the cause of action itself. Railway Co. v. Ginther, 96 Tex. 295, 72 S. W. 166. But the attorneys holding the assignment of an interest in the cause of action as such, and who were present representing their client in the trial of the case, filed a pleading in part as follows:

"And the attorneys mentioned and named in said contract are now here representing the plaintiff upon the trial of this cause, and are insisting that the cause be tried upon its merits, and they now here agree to be bound by any judgment that may be rendered in this cause in favor of either of the parties to the suit, as though they were formal parties to the same."

And the said attorneys appear in this court and ask the affirmance of the judgment as it is rendered. In these circumstances, as ruled in Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835, the attorneys should be held as consenting that the judgment shall determine their rights, as well as those of their client. The attorneys should, we think, have been made formal parties of record to the suit; but we have concluded to follow and apply the Bonner Case above to the same question here made. The assignment is overruled.

Error is predicated by the third and fourth assignments of error upon the answer of a witness to certain questions propounded respecting the physical condition of the plain-

tiff. The answer of the witness was objectionable from a strictly technical standpoint, but it is concluded that reversal of the judgment would not be warranted on the ruling complained of.

There was no error, it is thought, in admitting the evidence complained of in the second and fifth assignments of error.

The judgment is affirmed.