TEXAS EMPLOYERS' INS. ASS'N v. FITZGERALD. (No. 271.)*

(Court of Civil Appeals of Texas. Eastland. Feb. 25, 1927. Rehearing Denied March 25, 1927.)

1. Appeal and error ⬅️742(1)—Failure to make propositions in brief refer specially to related assignments does not justify refusal to consider propositions on appeal.

Propositions in brief should refer specially to assignments to which they relate, but failure to do so does not violate rules governing preparation of briefs justifying Court of Civil Appeals to refuse to consider same, where propositions are germane to one or more of its assignments.

2. Trial ⬅️355(2)—Jury finding that average wage of similar laborers was "approximately" $4.75 per day was too indefinite to support judgment for definite sum (Rev. St. 1925, art. 2207); "about."

In employee's action for injuries, jury's answer to issue as to average wage earned by laborers of same class during year preceding injury as being "approximately $4.75 per day" was indefinite and not responsive, and will not support judgment of recovery for definite sum under Rev. St. 1925, art. 2207, providing that court shall require jury to further deliberate where verdict is not responsive; word "approximately" being synonymous with "about" and meaning to come close to or near.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, About; Approximate—Approximately.]

3. Trial ⬅️125(5)—Counsel's argument that compensation would be denied because employee could still get around held not prejudicial, where employee was present.

In employee's action for increased compensation for injuries, argument of employee's counsel that defendant would deny employee compensation, "inasmuch as he can still see and is still here and still drags his body around," was not prejudicial to defendant, where evidence was conflicting as to his bodily injuries and employee was present in court so that jury could determine truth of argument for itself.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 18, 1927.

**4. Trial ☞129—Argument of employee's counsel that defendant claimed employee was putting in fictitious claim held not prejudicial, in view of defendant's argument.**

In action by employee for additional compensation for injuries, argument of employee's counsel that defendant claimed employee was putting in fictitious claim and would go out and get well was not prejudicial to defendant, in view of defendant's argument denying only extent of injuries and claiming it would lose money if it paid larger sum and employee afterwards got well, and conflicting evidence as to extent of injuries.

**5. Master and servant ☞417(3½)—Compensation claimant's attorneys held not necessary parties on appeal from award.**

Allowance by Industrial Accident Board, to attorneys for employee seeking compensation for injuries, of percentage of employee's recovery within statutory limitation and in accordance with assignment filed with board *held* proper, and such allowance, together with assessment of same against recovery of employee, did not make attorneys necessary parties to suit in district court for additional compensation on appeal from award of board.

**6. Master and servant ☞417(4½)—Nonjoinder of compensation claimant's attorneys within statutory time for bringing suit did not make award final against claimant (Rev. St. 1925, art. 8307, § 5).**

Original award to claimant suing for additional compensation for injuries did not become final as to claimant by failure to join claimant's attorneys within time specified by Rev. St. 1925, art. 8307, § 5, for bringing suit after award, where attorneys allowed percentage of claimant's recovery were not necessary parties to suit.

**7. Appeal and error ☞719(1), 742(1)—Error, not assigned or raised by proposition, is not grounds for reversal.**

Where there was no assignment calling attention of Court of Civil Appeals specifically to failure of employee to file suit in time and no proposition raised such point, court could not reverse judgment for such error, if any.

**8. Master and servant ☞418(5)—Trial court presumed to have had jurisdiction of compensation suit.**

Where statement of facts disclosed that employee's suit for injuries was timely brought after notice of refusal to abide by award, and objection as to time for bringing suit was not interposed at trial, and no error was specifically claimed in motion for new trial, Court of Civil Appeals will presume that trial court had jurisdiction to try cause.

**9. Trial ☞362—Court finding that average weekly wage of similar laborers was $33.25 did not cure indefiniteness of jury finding that daily wage of plaintiff was "approximately $4.75."**

In suit by employee for increased compensation for injuries, where jury found that average wage of similar laborers was "approximately $4.75 per day," additional finding by court that average weekly wage was $33.25 for seven-day week did not cure defect of indefiniteness in jury's findings, since verdict returned by jury constitutes sole basis for entry of judgment by court.

**10. Appeal and error ☞1002—Court of Civil Appeals looks solely to jury's verdict as basis for judgment on controverted issues.**

In disposing of appeal in employee's action for injuries, Court of Civil Appeals will look solely to jury's verdict as basis for judgment on controverted issues.

**11. Master and servant ☞417(5)—Unsigned carbon copies of compensation claimant's notice not to abide by award held properly admitted, where originals were accounted for.**

In employee's suit for increased compensation for injuries, admission in evidence of unsigned carbon copies of notices to Industrial Accident Board and defendant that employee refused to abide by decision of board was not objectionable, where originals were duly accounted for in connection with other testimony on same point.

**12. Master and servant ☞418(5)—Admission of physician's testimony as to compensation claimant's ability to work held not reversible error, though question was objectionable as assuming fact.**

In employee's suit for injuries, objection to question of doctor whether employee would be able to work as pumper in oil field, "requiring constant physical effort" in looking after machinery, as assuming work required constant physical effort, went to weight, not admissibility, of testimony, and court's permission to let negative answer stay until further evidence, if erroneous, was not reversible error.

**13. Evidence ☞550(2) — Doctor's testimony that employee was disabled from working as oil pumper held not objectionable as assuming it required constant use of limbs, in view of evidence.**

In employee's suit for increased compensation for injuries, testimony of doctor that employee was permanently disabled from following employment requiring manual labor and constant use of limbs was not objectionable as assuming work required constant use of limbs, where evidence showed work of oil field pumper required such use of limbs, and objection to testimony went to its weight, not admissibility.

**14. Appeal and error ☞733—Assignment complaining of judgment as unsupported by evidence and findings is too indefinite to be considered on appeal.**

Assignment of error complaining of judgment, in employee's suit for injuries, as not supported by evidence and findings, is too general and indefinite to require consideration by Court of Civil Appeals.

**15. Master and servant ☞385(1)—Average weekly wage per seven-day week which compensation claimant was earning before injury held proper basis of recovery.**

In employee's suit for increased compensation for injuries, verdict based on finding of jury that average wage of similar laborers was "approximately $4.75 per day" was improper,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and should have been based on $25 per seven-day week, which jury found was average weekly wage earned by employee prior to injury.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by E. T. Fitzgerald against the Texas Employers' Insurance Association. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Goggans & Allison, of Breckenridge, for appellant.

Ritchie & Ranspot, of Mineral Wells, for appellee.

LESLIE, J. Appellee, E. T. Fitzgerald, sustained injuries while employed as an oil field pumper for George S. Hart, trustee, for Little Caddo Syndicate, a subscriber to and under the Employers' Liability Act of Texas. On claim duly presented, an award of $10.80 per week was made and paid by the Industrial Accident Board till filing of this suit. Appeal was taken from the order of the board (December 3, 1925) refusing increase compensation and lump sum settlement. This suit followed.

Other recitals of pleadings and testimony will be made when deemed necessary to reflect this court's rulings on the various assignments.

In the consideration of this appeal, we are confronted first with the appellee's objection to the consideration by this court of any of the appellant's assignments or propositions, for the reason that none of the propositions of law—nine in number—refer to the assignments to which they relate. Appellant treats his motion for new trial as his assignments, and by reference thereto we find that it contains 68 assignments, and appellee urges that inasmuch as counsel for the appellee and this court are left to search this list of assignments in order to ascertain to what assignment, if any, the several propositions relate, or are germane, the court should refuse to consider the same.

[1] Manifestly, many assignments have been abandoned, but as to which ones are so abandoned, and which assignments are still relied on, and to which assignments the various propositions relate, the court is left to search the record for the same. As has been said, it is, indeed, helpful where the propositions in the brief refer specially to the assignments to which they relate, but a failure to do so is not a violation of the rules governing the preparation of briefs, justifying this court in refusing to consider the same. B. Afflerbach et al. v. Yorktown Independent School District (Tex. Com. App.) 289 S. W. 1003; Lumber Company v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605. By examination, we conclude the appellant's propositions are germane to one or more of its assignments, and for the above reasons, the appellee's objection to the consideration of the propositions and assignments is overruled.

The appellant's nine propositions, and assignments to which each related, will now be disposed of seriatim.

[2] Proposition 1 asserts that the answer to special issue No. 2 herein is vague, uncertain, indefinite, and not responsive to the issue submitted, and does not support the judgment rendered in this cause. The issue submitted by the trial court was:

"Working in the same neighborhood or places, what was the average wage earned by other laborers of the same class with plaintiff during the year preceding plaintiff's injury?"

To this the jury answered: "Approximately $4.75 per day." The vice complained of rests in the use by the jury of the word "approximately" in its answer, and it is contended that for above reasons, the answer of the jury is insufficient and too indefinite to support the judgment which was entered in favor of the appellee on the basis of $4.75 per day wage, seven-day week.

We think, when used in the above sense, "approximately" is synonymous with the word "about," and that such words could be used interchangeably in that sense without conveying a different meaning. The Standard Dictionary of the English Language defines "approximate" thus:

"To come close to, as in quality, degree or quantity; to come very near in value * * * without actual coincidence; nearly, but not exactly accurate, as an approximate estimate or a result."

The same author defines "about" as approximating to, in time, etc. Bouvier's Law Dictionary defines "about" as meaning "almost or approximately."

In the case of Ross v. Keaton Tire & Rubber Company, 57 Cal. App. 50, 206 P. 645, the word "approximate," in the sense of an estimate, was held to mean "about or near the sum specified." Corpus Juris, vol. 4, p. 1465, states the word is to be construed with reference to the subject-matter, and that it is defined as "nearly; closely; with approximation." In the case of Nelms v. State, 123 Ga. 575, 51 S. E. 588, it is said:

"One of the meanings of the adverb 'about' is 'nearly; approximately; with close correspondence in quality; degree,'" etc.

In the case of Schnull et al. v. Cuddy, 36 Ind. App. 262, 74 N. E. 1030, the trial court submitted to the jury the following question or issue:

"What was the market price of canned tomatoes per dozen of the kind and quality mentioned, in said contract, at Sellersburg, Ind., on or about the 1st day of October, 1901?"

To this the jury answered: "About 95 cents per dozen." In speaking of the an-

swer of the jury, the court, in reversing that case, said:

"The answers upon which appellants rely are indefinite. They do not show every essential fact necessary to a recovery."

In the case of John Baird v. John Johnson, 14 N. J. Law, 120, the jury found for the plaintiff in a suit for wood and timber, to the amount of "about 40 cords." The judgment was reversed by the Supreme Court of New Jersey, with the statement:

"About 40, may be any quantity between 30 and 50, and the constable can never tell which quantity is meant, or what kind is intended without another jury."

The case of Alexander et al v. McNear, 28 F. 403, by the United States Circuit Court of California, gives an interesting discussion of the careless use of the word "about," which seems applicable to the word "approximately." The arbitrators, in making their award in that controversy, used the word "about" in numerous findings as to quantity, and conditions thereof, contained in the cargo. The court, in commenting upon their findings, said:

"We cannot presume the proper amount, but must take the award as we find it, and the language used renders the award no less uncertain. An award is in the nature of a judgment, and must fix the precise amount, so that the judgment may follow the award. Who ever saw a judgment for '[approximately] $5,000.-00'? How could such a judgment be executed? * * * We do not find in the award the elements for an accurate calculation or estimate of the precise amount for which judgment ought to be rendered."

Reference may also be had to the opinion of this court in the case of American Law Book Company v. Dykes et al. (Tex. Civ. App.) 278 S. W. 247, wherein the court condemned, as uncertain and not responsive, a verdict containing the expression "on or about a certain day," when given in answer to an inquiry as to when actual possession was taken of certain property. The question of limitation was involved.

In the case of Jaco v. W. A. Nash Company (Tex. Civ. App.) 269 S. W. 1089, the trial court submitted to the jury the issue:

"What was the reasonable market value of one-half of the cotton and cotton seed raised by Vinson & Bennett and belonging to them at the time the cotton was sold?"

To this, the jury answered:

"Cotton from 17 cents to 22 cents per pound, cotton seed from $40 to $50 per ton."

The court held that this answer was insufficient to support a judgment, and that the issue having been submitted by the trial court, the court could not itself make a finding thereon. The Court of Civil Appeals used this language:

"The jury did not find said market value, but answered that the cotton was worth from 17 to 22 cents per pound and the cotton seed from $40 to $50 per ton. The answer of the jury does not furnish a sufficient basis on which the trial court could render a judgment. * * * Where an issue is submitted to the jury and they fail to answer, the trial court cannot find on said issue."

It occurs to us that if the answer of the jury had been approximately 17 cents per pound for the cotton and approximately $40 per ton for the seed, it would have been no more definite than the verdict referred to.

Based upon the authorities cited, and numerous others to the same import, we believe that the answer of the jury to issue No. 2, herein complained of by the appellant, falls within that class of indefinite and nonresponsive verdicts, which will not support a judgment of recovery for a definite sum, and for which a remedy is provided in article 2207 of the Revised Civil Statutes of Texas. There it is provided that if a verdict is not responsive to the issue submitted, the court shall call the jury's attention thereto and send them back for further deliberation. For the reasons assigned, appellant's assignments to which proposition 1 is related are sustained.

Appellant's proposition No. 2, relating to assignments 20, 21, and 22, is. to the effect that—

"It was improper for the plaintiff's counsel, in his closing argument, to argue matters not in evidence, and to make an inflammatory argument which is calculated to improperly influence the jury and to appeal to the sympathy of the jury, and to make accusations against the defendant, which are not founded in truth or fact, and it was error for the court to refuse to sustain the defendant's objection to such line of argument and to refuse to give the special charge requested in connection therewith."

Judge Ranspot, of counsel for appellee, in the closing argument to the jury, used this language:

"But inasmuch as this man can still see and is still here, and still drags his body around, they say he shouldn't have any compensation whatever—he is one of those fellows that will put in a fictitious claim and go out and get well."

The argument was timely objected to, the same was overruled, special instruction on the matter refused, and exception taken. This proposition is urged by the appellant with much vigor in a lengthy and persuasive brief, and the same has challenged much consideration upon our part. We are aware of the importance of the question, both in this and in the lower court.

[3, 4] We will attempt a brief analysis of the counsel's language. Let us consider the words:

"But inasmuch as this man can still see, and is still here, and still drags his body around."

From the record it is apparent that plaintiff was present in court at the trial, and there is no evidence of injured eyesight. There was sharp conflict in the testimony, pro and con, as to the injuries sustained by the plaintiff, a record of which was still to be found at the time of the trial, upon the body of the appellee. If he was not dragging his body around, the fact was certainly apparent to the jury. If he were dragging his body around by reason of the injury, there was certainly basis for the argument in the record, and if there was no basis for such argument, under the circumstances, of the trial, it would seem that such argument would have the opposite effect upon the jury to that probably desired by the speaker. The remaining portion of the argument objected to is:

"They say he shouldn't have any compensation whatever—he is one of those fellows that will put in a fictitious claim and go out and get well."

In approving the bill of exceptions to counsel's remarks, the trial court stated, with approval of appellant's attorney, that immediately preceding the utterance of the language objected to, the defendant's attorney had stated to the jury that—

"The defendant does not deny that the plaintiff is injured and does not object to paying him for his injuries, and it was paying him until he filed this suit against them, but it does not concede that he is totally and permanently injured, and if it pays him a large sum of money at this time and he should afterwards get well, it would lose its money."

In view of this utterance, so lately made, to the jury that the defendant did not deny the plaintiff's injury and did not object to paying him for his injuries, it is difficult to see how the argument complained of could have been injurious to the appellant if we attribute to the jury any degree of common sense whatever. Besides, the issue of injury, and the disability arising therefrom, were sharply contested matters. The appellant, combatting the seriousness thereof with testimony, calculated to extremely minimize the same in the eyes of the jury and thus rendering the latter portion of the argument somewhat applicable to the facts as presented to the jury. Therefore, with the opinion of Judge Speer of the Commission of Appeals in the case of Bell v. Blackwell, 283 S. W. 765, before us, and in the light of that opinion, laying down certain controlling principles in reversing and remanding cases on account of improper argument of counsel, we are of the opinion that the argument complained of under the facts of this case was not calculated to prejudice the rights of the appellant before the jury, and the assignments presenting the objections to the same are overruled.

By proposition 3 and the assignments to which it relates the appellant urges that in-asmuch as appellee's attorneys were not made parties to the suit in the district court, the court was without jurisdiction to hear and determine same, and that the action should have been abated and dismissed. The record reveals that: (1) Award herein was made by the Industrial Accident Board December 3, 1925. (2) That Ritchie & Ranspot, attorneys, represented the appellee before the board and upon a contract or assignment, between them and appellee, which was filed with the board to acquaint it with the amount of compensation agreed upon. The interest of the attorneys in the award was recognized by the board and apparently assessed against the compensation awarded the claimant. The provisions of said agreement provided for additional compensation in the event appeal was taken from the award and suit was prosecuted in the court. (3) December 15, 1925, the claimant, E. T. Fitzgerald, and his said attorneys, gave notice to all interested parties of their refusal to abide by the award. (4) Thereafter in due time this suit was filed by said Fitzgerald alone, and through said attorneys, against the Texas Employers' Insurance Association, to set aside the award, for lump sum settlement, etc., and said attorneys were not joined, either as parties plaintiff or defendant. (5) During the progress of the trial, May 6, 1926, the Employers' Insurance Association made a motion to abate this suit, brought alone by appellee, Fitzgerald, on the ground that said attorneys were proper and necessary parties, and that the award had become final as to said Fitzgerald and his attorneys, and especially as to the latter. The trial court overruled the motion to abate, to which appellant excepted, and the trial proceeded, with the results heretofore stated. The attorneys for the claimant at no time filed any character of pleadings in the trial court, except to disclaim "any interest in the cause of action and claim of the said E. T. Fitzgerald in this cause." Under this state of the record, it is contended that there being no appeal from the award by bringing suit in the district court and making Ritchie & Ranspot (attorneys for appellee) either plaintiffs or defendants within 20-day period provided by section 5, art. 8307, Revised Statutes, the award became final under the statute as to Fitzgerald and his said attorneys; the bringing of such suit within the time of limitation and under the terms of the statute being jurisdictional.

[5, 6] As we view the record, attorneys, Ritchie & Ranspot, sought no separate recovery as such, either before the board or in the district court, but were merely allowed by the Accident Board the percentage of their principal's recovery or award, which allowance was within the statutory limitation and called for by the assignment or understanding between them and their client. The assignment was evidently filed with and sea-

sonably called to the attention of the board in the first instance, and there recognized by the usual and customary order designating the rights of attorneys to compensation for services . rendered a' claimant before the board. This procedure is authorized, and because an attorney pursues that. course and obtains from the board an approval or allowance of his fee, together with an assessment of the same, against the award or recovery of the claimant, such attorney for the claimant does not thereby become a necessary party to a suit in the district court on appeal from the award of the board, and we conclude that under the state of facts shown by this record the original award was not thereby rendered final as to the party, E. T. Fitzgerald, as contended by appellant. Soloranzo v. Texas Employers' Insurance Association (Tex. Civ. App.) 264 S. W. 121; Texas Employers' Insurance Association v. Shilling (Tex. Civ. App.)˙279 S. W. 865; Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835; M., K. & T. Ry. Co. v. Hicks (Tex. Civ. App.) 194 S. W. 1145.

The first authority we consider in point and the others are persuasive of the correctness of our ruling in the premises. This assignment is accordingly overruled.

[7] The appellant contends further under the proposition last considered, and in that portion of his brief, that by inspection of the record, no evidence will be found showing that the plaintiff, Fitzgerald, filed this suit in time to give the court jurisdiction, and that the trial court should have given peremptory instructions in favor of appellant, and dismissed the cause. In this connection, appellant points out that the case was tried upon an amended pleading filed at or about the time of the trial, and that the original petition nowhere appears in the record, and further contends that if it were in the transcript it could not be looked to for the date of its filing unless the filemark thereof had been introduced in evidence.

We have searched for an assignment of error calling our attention specifically to this matter, but have found none, nor is there a proposition raising the point. In the case of Waggoner Estate v. Sigler Oil Company (Tex. Com. App.) 284 S. W. 921, the court used this expression:

"The right of the Court of Civil Appeals to reverse the judgment of a district court depends upon an error being assigned in the manner prescribed by law or the existence of an error apparent upon the face of the record, commonly referred to as fundamental error. Robertson v. Hughes (Tex. Com. App.) 231 S. W. 735. Unless error appears in one of these ways, that court has no power to reverse. An error which requires the Court of Civil Appeals to search the Statement of Facts is not that fundamental error which the court is required to examine."

[8] This, we think, disposes of the question raised adversely to the appellant. How-

ever, an inspection of the statement of facts discloses that the suit was timely brought after notice of refusal to abide the award; and this objection not having been interposed in the trial court, and no error by reason thereof having been specifically claimed in the motion for new trial, we will presume that the trial court had jurisdiction to hear and determine this cause.

[9] There are various assignments of error directed at the additional findings of the trial court on issues 1 and 2 submitted to the jury and to the alleged action of the court in entering judgment on such findings rather than on the findings of the jury. In answer to special issue No. 2, it will be recalled that the jury found the average wage of "other laborers of the same class with plaintiff" to be "approximately $4.75." The court makes the additional finding on the entry of the judgment that the "average weekly wage by other laborers in the same class with plaintiff" to be $33.25 per week of seven days. The court either attached no importance to the character of the verdict (the same containing the indefinite word "approximately"), or it attempted to remove the vice in the verdict by making a finding more definite and responsive to the question asked than the jury had done. The findings of the court complained of added nothing to, and took nothing from, the verdict or finding by the jury, and the verdict as returned by the jury on such controverted issues must constitute the sole basis for the entry of the judgment by the court. Peterson et al. v. Clay (Tex. Civ. App.) 225 S. W. 1112; Gaertner v. Stolle (Tex. Civ. App.) 238 S. W. 252; Benton et al. v. Jones (Tex. Civ. App.) 220 S. W. 193; Silliman et al. v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Massey v. Hutcheson (Tex. Com. App.) 270 S. W. 544.

[10] The conclusions reached by this court in the discussion of proposition 1 (and the assignments to which it relates), as set forth in the first part of this opinion, in fact, dispose of this assignment in so far as any complaint is made of the court's additional findings in answer to issue No. 2, but what is said there and here disposes of this assignment as a whole, making it unnecessary that the same be considered further, since in the disposition of this appeal this court will look solely to the jury's verdict as a basis for judgment on controverted issues.

[11] Appellant's proposition 5, under assignment of error No. 5, complains of the action of the trial court in admitting as evidence, over the objections of appellant, unsigned carbon copies of notices shown to have been posted by registered mail to the chairman of the Industrial Accident Board and to the attorney for the defendant, notifying said parties that the plaintiff herein and his attorneys and assigns refused to abide by the final ruling and decision of that board. It will be observed that the assignment raises

only the question that the copies were not admissible because carbon copies and unsigned. This objection is not tenable, because the originals were duly accounted for, in connection with other testimony on the same point. Harris v. Texas Employers' Insurance Association (Tex. Civ. App.) 257 S. W. 999, cited by appellant, holds that by the course pursued in this case the appellant, by answering to the merits of the case without raising in limine the question of notice, waived the same. Millers' Indemnity Underwriters v. Lane et al. (Tex. Civ. App.) 241 S. W. 1085. Under these decisions, the ruling complained of became immaterial.

[12] Appellant's assignment of error No. 6, under which proposition 6 is advanced, complains of the action of the trial court in permitting Dr. Evans, a witness for the plaintiff, to answer the following question:

"Would the plaintiff or not, in his present condition, in your judgment, be able to follow the work of pumper in the oil field, requiring constant physical effort in looking after machinery?"

The witness answered: "He could not." The objection urged to the witness being permitted to answer the question was because it assumed that the work inquired about required constant physical effort and that there was no evidence whatever that it required such. The question was answered while the objection was being made. The court sustained the objection, with the remark that he would let it stay in for the present and would not withdraw it until such time as the evidence developed further. It occurs to us that the objection is more to the weight than the admissibility of the testimony; but if the action of the trial court was erroneous, it is not considered of sufficient importance to work a reversal of the cause, and the assignment is overruled.

[13] In proposition 7 and the assignment to which related, appellant complains of the action of the trial court in permitting Dr. H. H. Smith, witness for the plaintiff, to answer the following question:

"Considering all of the injuries of the plaintiff, as a result of your examination, state whether or not, in your judgment, he is permanently disabled from following any employment requiring manual labor, requiring constant use of his limbs, normal use of his limbs?"

The defendant objected to the witness being permitted to answer said question because it included the idea that the work inquired about required constant use of the plaintiff's limbs, whereas there was no evidence whatever that, in order to do the work plaintiff has been doing, constant use of his limbs was required. The objection was overruled, and the witness answered that the plaintiff was permanently disabled to follow any employment requiring manual labor, requiring constant use of his limbs, normal use of his limbs. An examination of the testimony shows that evidence was offered to the effect that constant physical use of the limbs is essential in the work of an oil field pumper. The witness Hart, offered by appellant, testified that—

"It is work that requires two good arms and hands and two good legs. * * * That if he were to go out to employ a pumper, he would want an able-bodied man, a man with two good legs and a man who had the normal use of both of his hands and arms."

The testimony shows that a pumper has other duties besides running the pump, such as repairing and keeping in condition the pipe lines, watching the water tanks, walking the pipe lines, etc., and that such work was in the line of appellee's duties when injured. Viewing the testimony objected to in the light of this record, we think the objection went to the weight of the testimony, and not its admissibility. The assignment is overruled.

[14] Appellant's assignment, under which proposition 8 is advanced, complains of the judgment herein "as for total permanent disability of plaintiff is not supported by the evidence and the findings herein and the findings of the jury and the court." These assignments and the proposition are equally general and indefinite and do not call for consideration by this court. Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070; Clarendon Land Co. et al. v. McClelland (Tex. Civ. App.) 31 S. W. 1088. However, we have examined the testimony and find an abundance of evidence to support such findings by the jury. The assignment is overruled.

[15] The assignments under which proposition 9 is advanced, complaining of the excessiveness of the judgment because not supported by the verdict, are well taken and are sustained. Evidently the court based the judgment on the answer of the jury to special issue No. 2, wherein the average wage in the same neighborhood, earned by other laborers of the same class with the plaintiff during the year preceding plaintiff's injury, was "approximately $4.75 per day." Judgment was evidently arrived at by taking this as a basis for a seven-day week for 400 weeks, using 5 per cent. discount rates.

For reasons fully set forth in the first part of this opinion, sustaining assignments 36, 38, 44, and 68, this was erroneous, but judgment could and should have been entered for appellee herein on the basis of $25 per seven-day week, for 400 weeks, using 5 per cent. discount rate. The answer of the jury to special issue No. 1 furnishes a proper basis for such judgment. There the jury found, in answer to issue No. 1, that the average weekly wage which plaintiff was earning as a pumper, at and prior to the time of his injury, was $25 per week. A judgment upon this basis is not subject to any just complaint upon the part of appellant.

Evidently the judgment for $6,715.94, is excessive, and recovery should be calculated upon the basis indicated. This cause will be affirmed if appellee files in this court within 10 days remittitur of the excess contained in said judgment. As appellant and appellee have heretofore taken the same data and in their calculations arrived at diverse amounts proper in such recovery, it seems that the calculations in such cases involve some technical knowledge of the principles applicable in ascertaining the amount due in a recovery upon this character of insurance. We respectfully suggest that appellant and appellee, within the 10 days indicated, furnish us with a careful and explicit calculation of the proper amount for which this judgment should be rendered upon the basis of $25 per seven-day week for 400 weeks, 5 per cent. discount rate. If the remittitur is not complied with, the judgment will be reversed and the cause remanded. Otherwise it will be reformed and affirmed, with cost against the appellee.

### Supplemental Opinion.

By an opinion in this case handed down at a former day of this term of court, it was indicated that the judgment of the trial court would be affirmed, provided the appellee filed a remittitur of a certain portion of the judgment obtained in the trial court. That suggestion having been complied with by the appellee filing his consent to such a reduction of the amount of the original judgment so as to make the same conform to the judgment of this court, it is therefore ordered that the judgment of the trial court be reformed so the plaintiff below may have and recover of and from the defendant below the sum of $4,890.65, with interest thereon at the rate of 6 per cent. per annum from May 5, 1926, until paid, and that the costs of this appeal be taxed against the appellee.

The judgment is so reformed and affirmed.